Argued and submitted June 28, affirmed December 15, 2004, petition for review denied April 12, 2005 (338 Or 432)

# ROBERT W. STROUP,
## *Appellant,*

*v.*

# Jean HILL,
## Superintendent,
## Eastern Oregon Correctional Institution,
### *Respondent.*

## CV01-1727; A119664

103 P3d 1157

Susan F. Drake, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. ORS 138.510 *et seq.* He asserts that the post-conviction court erred in rejecting his claims for relief. We affirm.

In 2000, petitioner was charged with 11 separate counts in six separate criminal cases. Petitioner faced a maximum sentence of 59 years of imprisonment if convicted of all charges. In January 2001, petitioner entered into a plea agreement pursuant to which he pled no contest to the following charges: felon in possession of a firearm, assault in the fourth degree, attempt to elude, and failure to appear. The parties agreed that the sentences on the convictions would be served concurrently. Pursuant to the agreement, the state dismissed the remaining charges, and the court sentenced petitioner to 60 months of imprisonment to be followed by 36 months of post-prison supervision for the felon in possession of a firearm conviction under ORS 166.270.[1] A conviction for felon in possession of a firearm is a Class C felony for which a maximum sentence of five years can be imposed. ORS 161.605(3). The imposition of three years of post-prison supervision caused the sentence to exceed the maximum allowable by law. *Layton v. Hall*, 181 Or App 581, 47 P3d 898 (2002). At sentencing, the trial court explained to petitioner that he had a limited right to appeal. Petitioner did not challenge the lawfulness of the sentence at sentencing or on direct appeal.

Thereafter, petitioner brought this case for post-conviction relief, asserting that the sentence for felon in possession of a firearm should be vacated because it exceeds the statutory maximum sentence for a Class C felony as provided by ORS 161.605 and OAR 213-005-0002(4). The post-conviction court found that petitioner's decision to accept the plea agreement was a tactical decision, that he was provided with adequate assistance of counsel, and that there was no

---

[1] The charges dismissed included the more serious felony offenses of kidnapping in the first degree and second-degree assault, offenses that are subject to Ballot Measure 11 (1994), codified at ORS 137.700.

reason that he could not have raised his objections to the sentence at trial or on direct appeal. The post-conviction court also found that petitioner understood that the sentence imposed consisted of 60 months' imprisonment and 36 months of post-prison supervision. Although the post-conviction court agreed with petitioner that his sentence exceeded the maximum permitted by law, it concluded that petitioner's post-conviction relief claims are barred by *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994).

■ On appeal, we understand petitioner to contend that, although he did not challenge his sentence before the trial court or on direct appeal, his post-conviction challenges are independently cognizable under ORS 138.530(1)(a), (b), and (c) on the ground that his sentence is void. He contends that the trial court lacked authority to enter a sentence in excess of the maximum sentences allowed by law, thus entitling him to relief pursuant to ORS 138.530(1)(b) and (c), and that his sentence results in a substantial denial of his due process rights under ORS 138.530(1)(a).[2] He also asserts that the post-conviction court's conclusion that he was not denied adequate assistance of counsel is error. We review the post-conviction court's judgment for errors of law and for evidence to support its findings. *Smart v. Maass*, 148 Or App 431, 434, 939 P2d 1184, *rev den*, 326 Or 62 (1997).

First, we disagree that the trial court lacked jurisdiction to impose a sentence under ORS 138.530(1)(b) as

---

[2] ORS 138.530(1) provides:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

petitioner contends. Petitioner was lawfully charged and convicted of felon in possession of a firearm, and nothing deprived the trial court of jurisdiction to impose a sentence on that conviction.

We turn next to petitioner's argument that he is entitled to post-conviction relief under ORS 138.530(1)(c) because the trial court lacked authority under ORS 161.605 and OAR 213-005-0002(4) to impose the sentence. In support of his argument, petitioner quotes the following from *State v. Horsley*, 168 Or App 559, 561-62, 7 P3d 646 (2000):

> "Sentences that violate the statutes lack valid sentencing authority, ORS 137.010(1), and the trial court may modify them as necessary. *See State v. Leathers*, 271 Or 236, 240-41, 531 P2d 901 (1975) (stating that an invalid sentence does not divest the trial court of jurisdiction); *State v. Cotton*, 240 Or 252, 254, 400 P2d 1022 (1965) (holding that the defendant's original sentence was void because it violated the sentencing statutes); *State v. Pinkowsky*, 111 Or App 166, 169, 826 P2d 10 (1992) (holding that the trial court retained authority to modify a sentence to impose a missing, but required, term of post-prison supervision).
>
> "* * * * *
>
> "A trial court has a duty to pass sentence in accordance with the pertinent sentencing statutes, ORS 137.010(1), and a sentence's validity is determined solely by how well it comports with those statutes. *See Cotton*, 240 Or at 254 ('The court in imposing punishment for a criminal offense is limited strictly to the provisions of the applicable statute, and any deviation from the statute in the mode, extent or place of punishment renders the judgment void.')."

■    A petitioner must comply with the requirements set forth in ORS 138.550 in order to state a legally cognizable claim for post-conviction relief.[3] A petitioner cannot obtain

---

[3] ORS 138.550 provides, in part,

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in the petition shall be as specified in this section and not otherwise:

"(1)  The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available.

post-conviction relief under the statute on any ground that reasonably could have been raised at trial or on direct appeal unless the petitioner demonstrates that the failure to raise the issue falls within one of several narrowly drawn exceptions."[4] ORS 138.550(2); *Palmer*, 318 Or at 358; *Walton v. Thompson*, 196 Or App 335, 102 P3d 687 (2004). Therefore, petitioner must demonstrate that he could not reasonably have been expected to raise his challenge under ORS 138.530(1)(c) at trial or on direct appeal.

**3.** We understand petitioner to contend that an objection to his sentence could not have reasonably been raised before the post-conviction proceeding because ORS 138.222(2)(d) precludes appellate courts from reviewing a sentence resulting from a stipulated sentencing agreement. *See State v. Kephart*, 320 Or 433, 443, 446, 887 P2d 774 (1994) (evaluating legislative history of ORS 138.222(2)(d) and concluding that legislature intended to permit appellate review of illegal sentences unless there was a stipulated sentence (internal quotation marks omitted)); *see also State v. Upton*, 132 Or App 579, 584, 889 P2d 376, *rev den*, 320 Or 749 (1995) (an agreement that set[s] the specific sentence to be imposed and the court impose[s] that sentence is not reviewable on appeal, given the prohibition of ORS 138.222(2)(d)). Although ORS 138.222(2)(d) precludes appellate review of

---

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

[4] Those exceptions include:

" '[W]here the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith.' "

*Palmer*, 318 Or at 357 (quoting *North v. Cupp*, 254 Or 451, 457, 461 P2d 271 (1969), *cert den*, 397 US 1054 (1970)).

petitioner's sentence, it does not follow therefrom that petitioner was precluded from withdrawing his plea made pursuant to the agreement before sentencing in the trial court. Petitioner has not alleged any other circumstances to show why he reasonably could not have been expected to raise his objection before sentencing. We therefore conclude that, although petitioner has alleged a valid substantive ground for post-conviction relief, he has not satisfied the procedural requirement of ORS 138.550(2). *Walton,* 196 Or App at 342.

We turn to petitioner's argument that his sentence violates his constitutional rights. He argues that due process requires that aggravating factors supporting a sentence greater than a statutory maximum sentence must be pled and proved. *Apprendi v. New Jersey,* 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Based on *Apprendi* and its progeny, petitioner argues,

> "Here, petitioner pleaded guilty to a Class C felony. However, he was sentenced as if he had been found guilty of a Class B felony. Petitioner was not indicted for a Class B felony, and he was not found guilty of a Class B felony. If a trial court cannot exceed a statutory maximum sentence based on unpleaded and unproven aggravating factors, it most certainly cannot impose a sentence that no aggravating factors could possibly support."

Petitioner's challenge appears to invoke the provisions of ORS 138.530(1)(c) that pertain to the unconstitutionality of a sentence. Here again, *Palmer* and *Walton* control our analysis because petitioner has failed to comply with ORS 138.550. Except for his inadequate assistance of counsel claim, petitioner's challenges fail under the above reasoning.

■ ■ We turn to petitioner's inadequate assistance of counsel claims under the state and federal constitutions. Petitioner contends that his trial counsel failed to inform him that the stipulated sentence exceeded the statutory maximum and that, without such advice, he could not knowingly and intelligently consent to the stipulated plea agreement. The standards for determining inadequate assistance of counsel under the state and federal constitutions are similar. To prevail on a post-conviction claim of inadequate assistance of counsel under Article I, section 11, of the Oregon

Constitution, petitioner has the burden of showing, by a preponderance of the evidence, facts demonstrating that his trial counsel failed to exercise reasonable professional skill and judgment and that counsel's failure had a tendency to affect the result of his criminal trial, that is, that petitioner suffered prejudice as a result. ORS 138.620(2); *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *Horn v. Hill*, 180 Or App 139, 149, 41 P3d 1127 (2002). To show that trial counsel's representation violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution, petitioner must show that counsel's acts or omissions were not the result of an exercise of reasonable professional judgment and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

■     More specifically, in order to prevail under either the state or federal constitutions in a case involving a guilty or no contest plea, a petitioner

> "must demonstrate 'that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.' *Hill v. Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203, 210 (1985); *see also Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991) (holding that under ORS 138.530(1)(a), which directs a court to grant post conviction relief only when a 'substantial denial' of rights occurs, the petitioner was required to show that, had he been informed of the possibility of a minimum sentence, he would not have pleaded no contest)."

*Saroian v. State of Oregon*, 154 Or App 112, 117-18, 961 P2d 252 (1998) (brackets in original); *see also Long v. State of Oregon*, 130 Or App 198, 204, 880 P2d 509 (1994).

Petitioner pled guilty based on an agreement to a specific sentence. The agreement negotiated by counsel provided for dismissal of other charges, including the more serious felony offenses subject to Measure 11. Before entering into the stipulated plea agreement, petitioner faced a maximum sentence of 59 years if convicted of all of the charges against him. The state initially offered a plea agreement that

would have resulted in a 121-month prison sentence. Petitioner does not assert that he would not have entered into the eventual plea agreement had he known that his sentence exceeded the statutory maximum. As noted, the post-conviction court found that petitioner knew before the sentence was imposed that it consisted of 60 months of imprisonment and 36 months of post-prison supervision. There is evidence in the record to support the above findings.[5] In light of the trial court's findings and the above circumstances, we agree with the court that petitioner has not demonstrated that any inadequacy of his trial counsel led to a different result in the proceeding.

Affirmed.

---

[5] Because there is evidence to support the post-conviction court's finding in that regard, petitioner's claim on appeal that he did not enter into the plea agreement in a knowing fashion also has no merit.