Argued and submitted August 8, reversed and remanded October 12, 2005

## PAUL S. HANEY,
*Respondent,*

*v.*

## Robert SCHIEDLER,
Superintendent,
Two Rivers Correctional Institution,
*Appellant.*

CV02-1395; A124188

120 P3d 1225

Steven R. Powers, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Patrick M. Ebbett argued the cause for respondent. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge pro tempore.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment granting petitioner post-conviction relief on the ground that petitioner's criminal sentence exceeded that authorized by law. ORS 138.530(1)(c). Defendant contends, in part, that our decision in *Stroup v. Hill*, 196 Or App 565, 103 P3d 1157 (2004), *rev den*, 338 Or 432 (2005), which issued after the trial court's judgment, precludes the allowance of relief pursuant to ORS 138.530(1)(c) in the circumstances presented here. We agree and, consequently, reverse and remand.

The material facts are undisputed. In 2001, petitioner was charged with kidnapping in the first degree, kidnapping in the second degree, two counts of felony assault in the fourth degree, and coercion. Thereafter, pursuant to a plea agreement, petitioner pleaded guilty to the two counts of fourth-degree felony assault, a Class C felony. As part of that plea agreement, petitioner stipulated to a sentence under sentencing guidelines grid block 9-B, with optional probation and presumptive concurrent 65-month terms of incarceration if the probation were revoked. The trial court, without objection, sentenced petitioner in accordance with the plea agreement. Petitioner did not appeal. Subsequently, petitioner violated his probation, triggering the concurrent 65-month terms of imprisonment.

Petitioner then filed this action for post-conviction relief, contending that his 65-month sentences exceed the permissible length for a Class C felony. *See* ORS 161.605 (setting maximum term for Class C felony at five years). In particular, as pertinent here, petitioner alleged that he was entitled to post-conviction relief on either of two grounds: (1) his counsel was unconstitutionally inadequate in allowing him to accept an unlawful sentence, ORS 138.530(1)(a); and (2) his sentence exceeded the maximum authorized by law, ORS 138.530(1)(c).[1] Petitioner sought to have his sentence

---

[1] ORS 138.530(1) provides, in part, as follows:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the

reduced from 65 months to 60 months, the maximum statutorily permitted term for a Class C felony.

Defendant responded that petitioner was judicially estopped from obtaining relief. In addition, defendant cited ORS 138.550 as authority for barring all of petitioner's claims; however, in doing so, defendant did not refer to *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994), much less offer a cogent argument that application of the *Palmer* doctrine precluded petitioner's claim under ORS 138.530(1)(c).

The post-conviction court granted relief on the ground that the sentence exceeded the maximum allowed by law. The court did not address petitioner's alternative claim based on the alleged inadequacy of counsel.

Defendant appeals, raising two arguments. First, as before the post-conviction court, defendant contends that petitioner should be judicially estopped from obtaining post-conviction relief; that is, because petitioner accepted the benefits of the plea agreement and did not raise any contemporaneous objection to the lawfulness of the 65-month sentence, he should be estopped from now invoking ORS 138.530(1)(c). Second, defendant asserts that the *Palmer* doctrine, as recently applied in *Stroup*, also precludes relief under ORS 138.530(1)(c). In particular, defendant contends that this case is functionally indistinguishable from *Stroup*, and, thus, the allowance of relief under ORS 138.530(1)(c) was error— and, even if arguably unpreserved, was error "apparent on the face of the record." ORAP 5.45(1). We agree with defendant's second argument, exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), and reverse and remand.[2]

---

Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"\* \* \* \* \*

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence."

[2] Given that disposition, we do not address the merits of petitioner's alternative "judicial estoppel" argument.

■ We note, at the outset, that defendant's present *Palmer*-based contention was not raised and preserved before the post-conviction court. As we and the Supreme Court have repeatedly instructed, the preservation requirement is to be applied pragmatically, by referring to the underlying prudential considerations of adversarial fairness, efficiency, and comity. *See, e.g., State v. Taylor*, 198 Or App 460, 469-70, 108 P3d 682, *rev den*, 339 Or 66 (2005). Thus, to preserve a contention for appellate review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct [it] immediately * * *." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Here, defendant's trial memorandum included a generic reference to ORS 138.550[3] but never cited *Palmer* and advanced no analysis identifiably derived from *Palmer*. That general reference to ORS 138.550 was not specific enough to "have alerted the trial judge and [petitioner's] counsel to the substance of the position that is advanced on appeal." *Taylor*, 198 Or App at 469.

Nevertheless, even when a matter has not been preserved for appeal, we may correct such an error if (1) the error is one "apparent on the face of the record," ORAP 5.45(1), and (2) we affirmatively exercise our discretion in accordance with the principles described in *Ailes*. For error to be considered apparent on the face of the record for purposes of ORAP

---

[3] ORS 138.550 provides, in part, as follows:

"(1) The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available.

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

5.45, it must satisfy three criteria: (1) it must be legal error; (2) it must be "apparent," such that "the legal point is obvious, not reasonably in dispute"; and (3) it must appear "on the face of the record," such that we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Further, "error apparent" is determined by reference to the law existing as of the time the appeal is decided, and not as of the time of trial. *State v. Jury*, 185 Or App 132, 136-39, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

Each of the requisites of "error apparent" is satisfied in this case. The asserted error—*i.e.*, that *Palmer* and its progeny preclude the availability and allowance of relief under ORS 138.530(1)(c) in the circumstances presented here—is purely legal error whose determination will not require us to go outside the record or choose among competing inferences. Further, given *Stroup*—which, again, was decided after the post-conviction court entered its judgment—the legal point is "not reasonably in dispute." *Brown*, 310 Or at 355.

In *Stroup*, as here, the post-conviction petitioner had been sentenced in accordance with a stipulated plea agreement that resulted in imposition of a sentence exceeding the 60-month maximum for Class C felonies. The petitioner subsequently sought post-conviction relief, invoking, *inter alia*, ORS 138.530(1)(c). The post-conviction court dismissed that claim, and we affirmed:

> "A petitioner must comply with the requirements set forth in ORS 138.550 in order to state a legally cognizable claim for post-conviction relief. A petitioner cannot obtain post-conviction relief under the statute on any ground that reasonably could have been raised at trial or on direct appeal unless the petitioner demonstrates that the failure to raise the issue falls within one of several narrowly drawn exceptions. ORS 138.550(2); *Palmer*, 318 Or at 358; *Walton v. Thompson*, 196 Or App 335, 102 P3d 687 (2004). Therefore, petitioner must demonstrate that he could not reasonably have been expected to raise his challenge under ORS 138.530(1)(c) at trial or on direct appeal.

> "We understand petitioner to contend that an objection to his sentence could not have reasonably been raised before the post-conviction proceeding because ORS 138.222(2)(d) precludes appellate courts from reviewing a sentence resulting from a stipulated sentencing agreement. *See State v. Kephart,* 320 Or 433, 443, 446, 887 P2d 774 (1994) * * *. Although ORS 138.222(2)(d) precludes appellate review of petitioner's sentence, it does not follow therefrom that petitioner was precluded from withdrawing his plea made pursuant to the agreement before sentencing in the trial court. Petitioner has not alleged any other circumstances to show why he reasonably could not have been expected to raise his objection before sentencing."

*Stroup,* 196 Or App at 569-71 (footnotes and citations omitted).

Given *Stroup,* allowance of relief based on ORS 138.530(1)(c) was plain error. The inquiry thus reduces to whether we should affirmatively exercise our *Ailes* discretion to correct that error.

We elect to do so for two reasons. First, as noted, petitioner asserted two potential grounds for granting post-conviction relief, and the post-conviction court did not reach the second due to its disposition of the first. Without implying any opinion regarding the merits of the second (inadequate assistance) ground, we note that its consideration is not barred by *Palmer. See, e.g., Stroup,* 196 Or App at 571-72. Thus, although we reverse the allowance of relief on a ground that is not statutorily authorized, our disposition does not preclude petitioner on remand from seeking the same relief on an alternative, but statutorily cognizable, ground. Second, correcting the error here will do no violence to the policies underlying the preservation requirement. Until our decisions in *Walton v. Thompson,* 196 Or App 335, 102 P3d 687 (2004), *rev den,* 338 Or 375 (2005), and, even more particularly, *Stroup,* the proper application of *Palmer* to claims based on ORS 138.530(1)(c) was unsettled. This is not a case of 20/20 "sandbagging."

We thus conclude that the trial court erred in granting post-conviction relief based on ORS 138.530(1)(c).

Reversed and remanded.