Argued and submitted August 21, affirmed October 11, 2006

JUAN RODRIGUEZ-MORENO,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

0304-04579; A123972

145 P3d 256

Brian Patrick Conry argued the cause and filed the briefs for appellant.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Yraguen, Senior Judge.*

YRAGUEN, S. J.

---

* Yraguen, S. J., *vice* Ceniceros, S. J.

**YRAGUEN, S. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief in which he alleges that he was denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. We affirm.

■■ We review the post-conviction court's judgment for errors of law. *Stroup v. Hill*, 196 Or App 565, 568, 103 P3d 1157 (2004), *rev den*, 338 Or 432 (2005). We are bound by the post-conviction court's factual findings if they are supported by evidence in the record. *Cunningham v. Thompson*, 186 Or App 221, 226, 62 P3d 823, *adh'd to as modified on recons*, 188 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004).

Petitioner was a permanent legal resident of the United States but not a naturalized citizen. On the day of the incident underlying his criminal conviction, petitioner, his cousin Paco Rodriguez-Rosillo, and the victim, who was a juvenile, were all inside petitioner's apartment smoking marijuana and drinking beer. After Rodriguez-Rosillo left the apartment, sexual contact occurred between petitioner and the victim. As a result of that contact, the state filed the following criminal charges against petitioner: sexual abuse in the second degree, contributing to the sexual delinquency of a minor, sexual abuse in the third degree, and delivery of a controlled substance to a minor. Pursuant to a plea agreement, petitioner pleaded no contest to sexual abuse in the third degree, a misdemeanor, in return for dismissal of the remaining charges.

On December 5, 2002, the court appointed trial counsel to represent petitioner. In his investigation of petitioner's case, trial counsel attempted to locate petitioner's cousin, Rodriguez-Rosillo, but was unable to do so because Rodriguez-Rosillo left Oregon about a week after petitioner was taken into custody. Subsequent information indicates that petitioner's family was aware of the whereabouts of Rodriguez-Rosillo but did not provide that information to trial counsel. Petitioner's trial was set for January 30, 2003. Trial counsel's assistant and trial counsel's associate attorney advised petitioner that he faced deportation, and advised

both petitioner and his family that, if they wanted additional deportation information, they should contact an immigration attorney. On December 19, 2002, trial counsel's associate attorney also advised petitioner of the need to obtain the victim's juvenile and social records. Those records subsequently revealed information regarding the victim's emotional and mental health problems, and past unsafe and rebellious behaviors. Petitioner initially agreed to sign a 60-day waiver[1] to allow counsel sufficient time to subpoena the records. However, petitioner subsequently changed his mind in early January 2003 and refused to sign the waiver. Trial counsel did not subpoena the victim's records. On January 30, 2003, petitioner, in a plea agreement with the state, pleaded no contest to sexual abuse in the third degree, a misdemeanor, and the remaining charges were dismissed. At the time of the plea, trial counsel did not advise petitioner that he would have to register as a sex offender.

On appeal, petitioner argues that he was denied adequate assistance of counsel under the state and federal constitutions because trial counsel (1) failed to advise petitioner that he would have to register as a sex offender as a result of his plea, (2) failed to advise petitioner that he would be permanently deported as a result of his plea, and (3) failed to adequately investigate his case.

■■ To prevail on a post-conviction claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner must prove, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *Cunningham*, 186 Or App at 225. Under the United States Constitution, petitioner must prove that trial counsel's performance "fell below an objective standard of reasonableness * * * under prevailing professional norms" and that "but for counsel's unprofessional

---

[1] ORS 136.290(1) provides, in part:

"[A] defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial."

errors, the result of the proceeding would have been different."
*Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052,
80 L Ed 2d 674 (1984). *See* ORS 138.530(1)(a) (post-conviction
relief is available for substantial denial of rights under the
state or federal constitution).

■     A petitioner who pleads guilty or no contest to a crim-
inal charge and then challenges the adequacy of trial counsel
in a post-conviction proceeding must prove prejudice by
showing that "there is a reasonable probability that, but for
counsel's errors, [the petitioner] would not have pleaded
guilty and would have insisted on going to trial." *Hill v.
Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985).
*See also Saroian v. State of Oregon*, 154 Or App 112, 117, 961
P2d 252 (1998) (quoting *Hill*, 474 US at 59); *Moen v. Peterson*,
312 Or 503, 513, 824 P2d 404 (1991) (requiring petitioner to
show that he would not have pleaded no contest if he had
been informed about the possibility of a minimum sentence).
As we explained in *Saroian*, this inquiry frequently boils
down to whether counsel's failures would have affected the
decision to plead guilty based on a prediction of the outcome
of trial:

> " '[W]*here the alleged error of counsel is a failure to inves-
> tigate or discover potentially exculpatory evidence*, the
> determination whether the error "prejudiced" the [peti-
> tioner] by causing him to plead guilty rather than go to
> trial will depend on the likelihood that discovery of the
> evidence would have led counsel to change his recom-
> mendation as to the plea. *This assessment, in turn, will
> depend in large part on a prediction whether the evidence
> likely would have changed the outcome of a trial.*' "

154 Or App at 118 (quoting *Hill*, 474 US at 59) (emphasis in
original).

■     With those principles in mind, we turn to petitioner's
specific allegations that trial counsel was inadequate. First,
petitioner contends that trial counsel was constitutionally
inadequate for failing to advise him that, as a consequence of
his plea, he would have to register as a sex offender. The state
responds that counsel was not required to advise petitioner
that he would have to register as a sex offender, because sex
offender registration is a collateral consequence of peti-
tioner's conviction.

■ The post-conviction court found that the requirement to register as a sex offender was a collateral consequence and that trial counsel's failure to advise petitioner of the requirement did not invalidate petitioner's plea. In Oregon, criminal defense lawyers are generally not required to advise their clients of the "collateral consequences of a conviction as a matter of providing constitutionally adequate assistance." *Gonzalez v. State of Oregon*, 340 Or 452, 458, 134 P3d 955 (2006). We agree with the post-conviction court that sex offender registration is not a direct consequence of a conviction for sex abuse in the third degree; it constitutes a collateral consequence. *See id.* at 457 (describing direct consequences as the defendant's potential penalty or sentence). Accordingly, trial counsel exercised reasonable professional skill and judgment, even though he failed to inform petitioner prior to the entry of his plea that he was required to register as a sex offender. The post-conviction court did not err in denying petitioner post-conviction relief on that ground.

■ Second, petitioner contends that trial counsel was constitutionally inadequate for failing to advise him that, as a consequence of his plea, he would be permanently barred from reentering the United States. The state counters that counsel told petitioner that he would be deported and counsel was not required to tell petitioner that he would be unable to reenter the United States.

■ The post-conviction court found that trial counsel had advised petitioner that he would be deported and concluded that such advice was legally sufficient. We agree with the post-conviction court that counsel's advice did not fall below the constitutional standard. In Oregon, defense counsel is required to advise clients who are not United States citizens that a criminal conviction "may result" in deportation. *See Lyons v. Pearce*, 298 Or 554, 567, 694 P2d 969 (1985) ("for non-citizen defendants, awareness of the possibility of deportation is necessary to an informed plea"); *cf.* ORS 135.385(2)(d) (requiring courts to inform criminal defendants who are not citizens of the United States that conviction of a crime may result in deportation). Recently, the Oregon Supreme Court refused to extend that constitutional requirement to require counsel to provide additional deportation

information. *Gonzales,* 340 Or at 459. In *Gonzales,* the court stated:

> "We recognize that it may be better practice for defense counsel to provide, to the extent possible, more specific advice about the likelihood of deportation * * *. The question, however, is not whether petitioner's defense counsel could have provided better advice. Rather, the question is whether counsel's advice fell below the minimum that the state constitution requires."

*Id.* at 459-60. Accordingly, trial counsel exercised reasonable professional skill and judgment by advising petitioner that he would be deported, even though he did not advise petitioner that he would be barred from returning to the United States. The post-conviction court did not err in denying petitioner post-conviction relief on that ground.

Lastly, petitioner contends that trial counsel's investigation of his case was constitutionally inadequate. According to petitioner, trial counsel failed in two respects: (1) counsel failed to contact petitioner's cousin, Rodriguez-Rosillo, and (2) counsel failed to subpoena the victim's juvenile and social files. Petitioner alleges that trial counsel had the obligation to complete an investigation within the 60-day time requirement of ORS 136.290, and that the failure to do so in this case constitutes inadequate representation. The state argues that, even if trial counsel failed to completely investigate petitioner's case, petitioner failed to prove that he was prejudiced by the incomplete investigation. We agree with the state.

The post-conviction court found that trial counsel's investigation was incomplete, but it reasoned that petitioner's refusal to sign the 60-day waiver could not be used as a basis to fault trial counsel's performance. We agree that petitioner's refusal to sign the 60-day waiver is relevant to assessing the adequacy of counsel's investigation, but that factor is not necessarily dispositive of the issue.

Petitioner asserts that counsel was constitutionally inadequate for failing to locate Rodriguez-Rosillo. We disagree. The evidence in the record supports the post-conviction court's finding that counsel's investigator followed all of petitioner's leads and could not locate Rodriguez-Rosillo, who

moved out of state after criminal charges were brought against petitioner. Also, if petitioner or his family had any additional contact information about Rodriguez-Rosillo, they did not provide it to counsel or counsel's investigator. Moreover, petitioner failed to prove that he was prejudiced by counsel's failure to locate Rodriguez-Rosillo. He did not explain how Rodriguez-Rosillo's testimony regarding his presence at petitioner's apartment on the day in question, but not at the time of the alleged sexual contact, would have changed trial counsel's advice regarding the plea offer, or, alternatively, how Rodriguez-Rosillo's testimony would have affected the outcome of petitioner's case at trial. For all of those reasons, the post-conviction court did not err in denying petitioner post-conviction relief on that ground.

■■ Petitioner also asserts that trial counsel's failure to subpoena the victim's juvenile and social records constituted inadequate assistance of counsel. Trial counsel, in the course of representing a criminal defendant, must exercise "reasonable professional skill and judgment generally [requiring] an investigation that is legally and factually appropriate to the nature and complexity of the case so that the lawyer is equipped to advise and represent the client in an informed manner." *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). In the course of trial counsel's investigation of petitioner's case, he did not subpoena the victim's juvenile and social records. More notably, trial counsel did not even attempt to subpoena those records after his time to investigate the case was substantially reduced by petitioner's refusal to sign the 60-day waiver.

■ We need not decide whether there was a lapse of professional skill and judgment entitling petitioner to post-conviction relief because petitioner is entitled to post-conviction relief only if he establishes "prejudice" by showing "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 US at 59. We conclude that petitioner has not established prejudice as a result of counsel's failure to subpoena the victim's records.

Petitioner does not dispute the post-conviction court's determination that the victim's records were inadmissible. Instead, he asserts that if counsel had obtained those

records, no reasonable attorney would have recommended that he plead no contest to the charge of sexual abuse in the third degree and that petitioner instead would have insisted on a jury trial on all criminal charges. Petitioner speculates that, even though the juvenile and social records were inadmissible, counsel could have impeached the victim with the contents of the records or, further, that the records could have persuaded the district attorney to reduce petitioner's charge to a lesser offense, which would not have led to his deportation. Petitioner did not present any evidence to support those assertions, however.

Petitioner must do more than merely allege that but for trial counsel's failure he would have insisted on trial rather than entering the negotiated plea. *See* ORS 138.620(2) (stating "[t]he burden of proof of facts alleged in the [post-conviction] petition shall be upon the petitioner to establish such facts by a preponderance of the evidence"). Petitioner did not present any evidence regarding how the complainant's records would have influenced counsel's trial strategy or how obtaining the records would have changed the advice that counsel gave to petitioner regarding the plea. It was petitioner's obligation to present evidence regarding how the records would have influenced a defense attorney's assessment of his case. Petitioner failed to establish that he was prejudiced by counsel's failure to subpoena the complainant's records; the evidence does not support a finding that there was a reasonable probability that, but for counsel's error, petitioner would not have entered into the plea agreement. The post-conviction court did not err in denying petitioner post-conviction relief on that ground.

The post-conviction court did not err in denying petitioner post-conviction relief. We therefore affirm the post-conviction court's judgment.

Affirmed.