Argued and submitted June 23, 2008, affirmed April 8, petition for review denied
June 17, 2009 (346 Or 361)

TYREE D. HARRIS,
*Petitioner-Appellant,*

*v.*

Jean HILL,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
03C10406; A133392

206 P3d 218

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton, Ebbett & Galli, LLC.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. ORS 138.530; ORS 138.510(3). Petitioner claims that the post-conviction relief court erred in dismissing his claim that the criminal trial court imposed unconstitutional sentences under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We review the post-conviction court's judgment for errors of law and for evidence to support its findings, *Stroup v. Hill*, 196 Or App 565, 568, 103 P3d 1157 (2004), *rev den*, 338 Or 432 (2005), and affirm.

The relevant facts are as follows. Petitioner was convicted, following a jury trial in 1996, of racketeering, unlawful use of a weapon, first-degree assault, attempted murder, and three counts of felon in possession of a firearm. The trial court imposed a 396-month sentence on the racketeering conviction, a 130-month sentence and a 30-year dangerous offender sentence on the first-degree assault conviction, 48-month departure sentences on each of the two felon in possession convictions, and six-month sentences on the third felon in possession and the unlawful use of a weapon convictions. The trial court ordered all other sentences to be served concurrently to the racketeering sentence, but consecutive to each other.

Petitioner appealed, and this court reversed the racketeering conviction and remanded for resentencing. *State v. Harris*, 157 Or App 119, 967 P2d 909 (1998). On remand, the trial court dismissed the racketeering charge and imposed the same sentences on the remaining counts. Petitioner appealed from the amended judgment. The United States Supreme Court decided *Apprendi* after entry of the amended judgment and before the appeal was briefed. One of petitioner's assignments of error in the appeal was that the trial court erred in not granting his motion for a new sentence in light of *Apprendi*. This court affirmed the trial court's judgment without issuing an opinion on February 27, 2002, and the Oregon Supreme Court denied review. *State v. Harris*, 179 Or App 742, 42 P3d 950, *rev den*, 334 Or 411 (2002).

Petitioner sought post-conviction relief. ORS 138.510 - 138.686. Petitioner's fifth amended petition alleged that, under the reasoning of *Apprendi* and *Blakely v. Washington,* 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the criminal trial court unconstitutionally imposed upward departure and dangerous offender sentences at the time of the resentencing and that his criminal trial and appellate counsel were inadequate. ORS 138.530(1)(a), (c). The post-conviction court denied relief.

On appeal, petitioner argues that the trial court erred in concluding that his claims were barred under *Palmer v. State of Oregon,* 318 Or 352, 867 P2d 1368 (1994), and in not applying *Apprendi* and *Blakely* to his dangerous offender and departure sentences. Petitioner argues that he could not reasonably have been expected to raise an *Apprendi*-based challenge at either his initial sentencing in 1996 or at resentencing in 1999 before *Apprendi* was decided in 2000. Finally, petitioner concedes that *Miller v. Lampert,* 340 Or 1, 125 P3d 1260 (2006), holds that the rule announced in *Apprendi* and applied in *Blakely* is not retroactive to cases on collateral review, but asks that *Miller* be overruled. That we cannot do. The principles announced by the Court in *Apprendi* and *Blakely* do not apply retroactively in a collateral proceeding such as this one, and counsel's failure to anticipate *Apprendi*'s holding does not constitute inadequate assistance of counsel. *Miller,* 340 Or at 16-17; *Page v. Palmateer,* 336 Or 379, 84 P3d 133 (2004); *see also Schriro v. Summerlin,* 542 US 348, 124 S Ct 2519, 159 L Ed 2d 442 (2004) (jury trial right set forth in *Apprendi* does not apply retroactively in collateral proceedings).

Thus, the post-conviction court was correct in dismissing the petition for post-conviction relief because either the *Apprendi* claim could have been raised and decided in the direct appeal of the resentencing (and was therefore barred under ORS 138.550(2)) or the *Apprendi* claim could not have been decided in that appeal but was sought to be applied retroactively in this post-conviction relief proceeding (contrary to *Miller*).

Affirmed.