482 June 10, 2026 No. 523

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE ANTHONY LEWIS,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV42304; A181273

Lung S. Hung, Judge.

Argued and submitted April 1, 2025.

Shane Anthony Lewis argued the cause and filed the briefs *pro se*.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. On appeal, he raises five assignments of error. For the reasons explained below, we affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.* "If the post-conviction court failed to make findings of fact on all the issues—and there is evidence from which such facts could be decided more than one way—we will presume that the facts were decided consistently with the post-conviction court's conclusions of law." *Id.* We begin by briefly stating the background facts and provide additional factual context in our discussion of each of petitioner's assignments of error.

In 2019, the state charged petitioner with first-degree kidnapping (Count 1), second-degree robbery (Count 2), second-degree assault (Counts 3 and 4), coercion (Count 5), unauthorized use of a vehicle (Count 6), second-degree theft (Count 7), and menacing (Count 8), based on allegations that petitioner, along with two co-defendants, had lured the victim, W, to petitioner's motor home, held W against his will, assaulted W, and stole W's belongings and truck. Over the course of the criminal case, petitioner was represented by several different attorneys.

Petitioner ultimately resolved the charges through a plea agreement in which he pled guilty to all charges in exchange for a 180-month sentence. That guilty plea also resolved an unrelated case in which petitioner was charged with numerous counts of computer crimes based on allegations that he used a stolen ATM card to withdraw money and make fake deposits.

Thereafter, petitioner pursued post-conviction relief, claiming that his decision to plead guilty was the result of numerous constitutional violations, including violations of due process under *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), double jeopardy violations, and inadequate assistance of counsel. He also challenged his plea as being not

knowing and voluntary. After a hearing, the post-conviction court denied relief on all claims. This appeal followed.

*Brady Claims*: In his first assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that the prosecution committed a *Brady* violation when it failed to disclose exculpatory evidence. There are "three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [s]tate, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 US 263, 281-82, 119 S Ct 1936, 144 L Ed 2d 286 (1999). The duty to disclose favorable evidence under *Brady* includes evidence in the actual possession of the prosecution itself, as well as evidence that the prosecution constructively possesses, meaning that the evidence is in the possession of others acting on the state's behalf, such as law enforcement officers. *Kyles v. Whitley*, 514 US 419, 437, 115 S Ct 1555, 131 L Ed 2d 490 (1995); *State v. Bray*, 281 Or App 584, 601, 383 P3d 883 (2016), *aff'd*, 363 Or 226, 422 P3d 250 (2018). To maintain a *Brady* claim after entry of a guilty plea, a petitioner must demonstrate that the evidence was directly material to the petitioner's decision to plead guilty and exculpatory on the question of guilt. *Sanchez v. United States*, 50 F3d 1448, 1453-54 (9th Cir 1995). Thus, a petitioner cannot ground a post-plea *Brady* claim on the state's failure to disclose impeachment evidence, because impeachment evidence relates only to the right to a fair trial. *United States v. Ruiz*, 536 US 622, 629, 122 S Ct 2450, 153 L Ed 2d 586 (2002).

A *Brady* claim may be raised either at the trial level or in a post-conviction case. *See Eklof v. Steward*, 360 Or 717, 728, 385 P3d 1074 (2016) (explaining that "a *Brady* violation claim, like most other post-conviction claims, must have been raised in the direct criminal proceeding unless counsel was excusably unaware of it[,]" in which case it may be raised in post-conviction proceedings). To establish a *Brady* claim in a post-conviction case, a petitioner must demonstrate that they could not reasonably have discovered the unconstitutional suppression of evidence in time to litigate it at trial. *See id.*

at 726 (recognizing the availability of post-conviction relief, notwithstanding the general prohibition on raising claims in post-conviction that could have been brought in direct appeal, when "counsel was excusably unaware of evidence favorable to the defense because the state had breached its obligation to disclose such evidence"). In that context, the Supreme Court has held that the question is "not whether counsel reasonably should have discovered [the exculpatory information], but whether counsel reasonably should have discovered that the prosecutor had withheld [that] information[.]" *Id.* at 728-29.

Here, petitioner argues that the prosecutor violated his *Brady* obligations when he failed to disclose three pieces of evidence: video recordings of the WinCo parking lot, petitioner's cell phone records, and body camera footage from a Eugene Police Department (EPD) video link. However, the post-conviction court made a number of factual findings relevant to petitioner's *Brady* claim, which we conclude are supported by the record and thus binding on appeal, *Green*, 357 Or at 312, and which ultimately foreclose his challenge.

Specifically, the post-conviction court first found that neither the video recordings of the WinCo parking lot nor petitioner's cellphone records were in the prosecutor's control. The post-conviction court also found that, as the owner of the cellphone records, petitioner had independent access to those records. Finally, the post-conviction court found that the prosecutor *had* disclosed the EPD video link to petitioner's first lawyers, thereby complying with the prosecution's disclosure obligations under *Brady*, and therefore any ineffectiveness was on the part of those earlier lawyers. The post-conviction court also found that petitioner failed to prove that any of the evidence was exculpatory.

Given those factual findings, petitioner did not establish the essential elements of his *Brady* claim, specifically, that the evidence was in the actual or constructive possession of the prosecution or that the evidence was exculpatory. As a result, the post-conviction court did not err in denying relief on petitioner's claim of a *Brady* violation.

*Sentencing*: In a combined argument for his second and third assignments of error, petitioner argues that his

180-month sentence violates ORS 161.067[1] and double jeopardy because it imposes separate convictions for counts that the trial court was required to merge, and that because he was not made aware of those violations before he pleaded guilty, his plea was not made knowingly and voluntarily.[2]

At the outset, we reject the state's and post-conviction court's reliance on ORS 138.105(5) to deny petitioner's claim. That statute establishes that an appellate court "has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]" ORS 138.105(5) is a jurisdictional limitation on direct appeal and does not apply in a post-conviction case.

Instead, petitioner's ability to obtain post-conviction relief is governed by the post-conviction statutes, ORS 138.510 to 138.680, and by the limitations on legal challenges that follow a guilty plea.

Here, petitioner claims that he is entitled to post-conviction relief because his sentence is "in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted" and is unconstitutional. ORS 138.530(1)(c). Although the plain text of ORS 138.550(1) provides that the "failure of [the] petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of" post-conviction relief, the Supreme Court has interpreted that statutory subsection to contain certain implicit limitations on the ability to seek post-conviction relief. *See North v. Cupp*, 254 Or 451, 455-56, 461 P2d 271 (1969), *cert den*, 397 US 1054 (1970). Specifically, in a statutory analysis

---

[1] ORS 161.067 provides, in relevant part:

"(1)(a) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

[2] As part of this argument, petitioner also argues that *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994), was wrongly decided and should be overruled. Because we have no authority to overrule a Supreme Court case, we do not engage with that portion of petitioner's argument. *See State v. Portulano*, 320 Or App 335, 355, 514 P3d 93 (2022) ("We are an intermediate appellate court, bound by the precedent of the Supreme Court.").

that preceded *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), the Supreme Court determined that interpreting ORS 138.550(1) "literally" would "completely erode[]" the "procedural rule of long standing in this state requiring contemporaneous objection" to errors at trial. *North*, 254 Or at 454-56. Thus, the Supreme Court determined that a petitioner could seek post-conviction relief based only on errors at trial to which the petitioner failed to object "where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right." *Id.* at 456-57. The Supreme Court also established that inadequate and ineffective assistance of counsel was a basis for post-conviction relief. *Id.* at 459.

In *Palmer v. State of Oregon*, 318 Or 352, 358, 867 P2d 1368 (1994), the Supreme Court reiterated that *North*'s interpretation of ORS 138.550(1) "bec[ame] a part of that statute." Thus, *Palmer* concluded that a post-conviction petitioner may not assert "an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner *reasonably could have been expected to raise that issue in the trial court* and when the petitioner does not assert that the failure to raise the issue constituted inadequate assistance of trial counsel." *Id.* at 354 (emphasis added).

We previously applied that rule from *Palmer* to post-conviction claims arising from stipulated sentences in two cases: *Haney v. Schiedler*, 202 Or App 51, 120 P3d 1225 (2005), and *Stroup v. Hill*, 196 Or App 565, 103 P3d 1157 (2004), *rev den*, 338 Or 432 (2005). In those cases, we concluded that post-conviction relief is unavailable under ORS 138.530(1)(c) if a petitioner stipulated to the sentence in the trial court. *Haney*, 202 Or App at 56; *Stroup*, 196 Or App at 570-71. In *Stroup*, we explained our reasoning as follows: although a petitioner could not seek appellate review of their stipulated sentence, "it does not follow therefrom that [the] petitioner was precluded from withdrawing his plea made pursuant to the agreement before sentencing in the trial court." 196 Or App at 571.

In sum, under *North*, *Palmer*, *Stroup*, and *Haney*, petitioner cannot obtain post-conviction relief on his direct challenge to his stipulated sentence.

Petitioner also claims that, because he was unaware that the sentence was not authorized by statute and violated double jeopardy, his guilty plea was not made knowingly and voluntarily. Specifically, petitioner argues that the trial court was required to merge Count 2, second-degree robbery, and Count 7, second-degree theft, under ORS 161.067(1) because Count 7 did not require proof of any additional element beyond those in Count 2. *See Blockburger v. United States*, 284 US 299, 304, 52 S Ct 180, 76 L Ed 306 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Thus, defendant argues that, when the trial court imposed a consecutive sentence for Count 2, he was punished multiple times for the same offense, in violation of federal double jeopardy. *See North Carolina v. Pearce*, 395 US 711, 717, 89 S Ct 2072, 23 L Ed 2d 656 (1969) (explaining that the guarantee against double jeopardy provided in the Fifth and Fourteenth Amendments to the United States Constitution protects "against multiple punishments for the same offense").

A guilty plea must be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 US 238, 242, 89 S Ct 1709, 23 L Ed 2d 274 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 US 52, 56, 106 S Ct 366, 88 L Ed 2d 203 (1985) (quoting *North Carolina v. Alford*, 400 US 25, 31, 91 S Ct 160, 27 L Ed 2d 162 (1970)).

In his third amended petition for post-conviction relief, petitioner did not raise a stand-alone claim of an involuntary plea. Instead, petitioner's arguments on the involuntariness of his plea were subsumed within his claims that challenged his sentence, as well as his claims that alleged that he received constitutionally inadequate and ineffective

assistance of counsel in the plea process. As we explained above, petitioner cannot obtain relief on his direct challenge to his sentence. A petitioner also cannot obtain relief on a claim that was not pleaded in their petition. *Johnson v. Myrick*, 285 Or App 395, 401, 396 P3d 285, *rev den*, 362 Or 175 (2017). We thus review petitioner's allegations of an involuntary plea in the context of our analysis of his claims of inadequate and ineffective assistance of counsel, below.

*Inadequate/ineffective assistance of counsel*: In a combined argument on his fourth and fifth assignments of error, petitioner argues that the post-conviction court erred when it denied relief on his claims of inadequate and ineffective assistance of counsel. Specifically, petitioner claims that counsel failed to advise petitioner that there was a double jeopardy issue with the sentence structure and that counsel failed to include specific issues in the suppression motions that he filed.[3] Petitioner further argues that, but for counsel's failures, he would not have entered the guilty plea, and that because counsel failed to provide him with material information about legal bases to challenge the sentencing structure, his plea was not knowing and voluntary.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that [the] petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude[.]" (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's

---

[3] Petitioner also argues that the post-conviction court's judgment fails to comply with ORS 138.640(1), which requires a judgment denying post-conviction relief to "clearly state the grounds on which the cause was determined," as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010), and that reversal is required on that basis. We disagree with that argument. The post-conviction court wrote a 15-page opinion in petitioner's case which identifies the claims it considered and clearly outlines the legal basis for its ruling on each of those claims. That reasoning was incorporated into the judgment in petitioner's case. The post-conviction court's judgment thus does not contain the kind of conclusory and unexplained ruling that prompted the Supreme Court to reverse and remand in *Datt*.

representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 692, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

To demonstrate prejudice in the context of a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, [they] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 US at 59; *Moen v. Peterson*, 312 Or 503, 512-13, 824 P2d 404 (1991) (adopting *Hill's* prejudice standard as the Oregon constitutional standard).

On the arguments regarding the stipulated sentence, the post-conviction court determined that counsel "was not inadequate for not objecting to a sentence * * * which his client requested." That conclusion is supported by the record, including counsel's supplemental declaration in which he explained that he discussed merger with petitioner but that "[t]he prosecutor wanted [petitioner] to serve a prison sentence of 20 years. We agreed to make concessions, including conceding that counts that could merge would not merge as part of the plea deal." Counsel also explained in both his declaration and supplemental declaration that petitioner wanted to enter into the plea agreement to resolve the two pending cases for a sentence that was shorter than petitioner would likely have received after a trial in the kidnapping case. Counsel's declarations thus made clear that, in order to obtain the favorable plea offer, petitioner would have to forego merger challenges, no matter what their legal basis could have been. Petitioner's unawareness of a constitutional basis for the merger rule does not compel a conclusion that petitioner's plea was not a "voluntary and intelligent choice among the alternative courses of action open to" him. *Hill*, 474 US at 56.

In addition, the post-conviction court determined that if petitioner had gone to trial in the kidnapping case, there was a reasonable likelihood that he could have been sentenced to 260 months imprisonment in that case alone,

and the record supports that determination. In sum, the post-conviction court did not err when it determined that petitioner did not prove that counsel provided inadequate or ineffective representation, or that there was any reasonable possibility that, if petitioner had known that there was a double jeopardy basis for the merger arguments, he would have rejected the global plea and stipulated sentence and proceeded to trial in two cases.

Turning to petitioner's claim regarding counsel's representation on the suppression motions, the post-conviction court concluded that counsel did file a suppression motion, which was pending before the court at the time petitioner entered his guilty plea. Part of that plea involved petitioner waiving his right to proceed on the suppression motions, which the post-conviction court determined petitioner did, voluntarily. That determination is supported by the record, including the extensive colloquy petitioner had with the trial court regarding the suppression motions. Petitioner's argument that he would not have pleaded guilty if counsel had raised *other* issues in the suppression motions, including moving to suppress the smell of gasoline inside the motor home, the presence of certain persons inside the motor home, and witness statements, is unavailing. Counsel averred that after he filed the initial motion to suppress, petitioner decided that he wanted to "focus our energies on obtaining the best possible plea deal for his consideration." It is not ineffective for counsel to reasonably decide to forego further investigation and legal research to reasonably follow a client's wishes about the direction of the litigation. *Cf. Barnett v. Brown*, 319 Or App 257, 509 P3d 748, 749-50, *rev den*, 370 Or 197 (2022) (trial counsel not ineffective for failing to file a motion to suppress because counsel reasonably assessed the strategic value of the motion was stronger for use in plea negotiations and reasonably decided not to file the motion when it led to a favorable plea offer that the defendant wanted). The post-conviction court did not err in denying relief on petitioner's claims of inadequate and ineffective assistance of counsel.

Affirmed.