Argued and submitted August 27, the decision of the Court of Appeals and the
judgment of the circuit court affirmed December 12, 1991

## JOHN MANNY TRUJILLO,
*Petitioner on Review,*

*v.*

## Manfred MAASS,
*Respondent on Review.*

## (CC 88C-11398; CA A64205; SC S37928)

822 P2d 703

David B. Kuhns, of Todd & Kuhns, Salem, argued the cause and filed the petition for petitioner on review.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

**GRABER, J.**

We allowed limited review in this post-conviction case to decide whether petitioner received adequate assistance of counsel at trial.[1] The post-conviction court concluded that petitioner received adequate assistance of counsel and dismissed his petition. The Court of Appeals affirmed without opinion. *Trujillo v. Maass*, 106 Or App 427, 809 P2d 134 (1991). We also affirm.

Early on the morning of August 3, 1986, petitioner entered a restaurant where two police officers were eating. He approached their table, laid down a gun, and said in an excited voice, "I killed her; she is all gray, she is dead, she is all gray." The officers handcuffed petitioner and put him in their police car. He told them where he lived and gave them keys to enter his home. There, the officers found the body of petitioner's live-in companion on the couch. She had been shot in the head.

The officers arrested petitioner. He was charged with murder. ORS 163.115.[2] The penalty for murder is a required sentence of life imprisonment, including a 10-year minimum without the possibility of parole. ORS 163.115(3)(a) and (b). Additionally, the sentencing court may, in its discretion, order that a defendant serve an additional 15 years without the possibility of parole. ORS 163.115(3)(c). Those minimum terms can be set aside only by the unanimous vote of the Board of Parole. ORS 163.115(3)(d).

Petitioner did not deny that he had killed the victim. His defense was that he had killed her accidentally. He explained that the couple typically had sexual relations while the victim was tied up; petitioner would whip her and place an unloaded gun to her head. He maintained that, at the time of the killing, he thought that the gun was unloaded or broken,

---

[1] Petitioner asserted additional grounds for post-conviction relief, which the circuit court and the Court of Appeals rejected. This court limited review to the issue stated in the text.

[2] ORS 163.115 provides in part:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

"(a) When it is committed intentionally * * *."

and he was "beginning to be involved in this mutually acceptable sexual play when the weapon discharged."

Petitioner entered into a plea agreement. He pleaded guilty to manslaughter in the first degree, ORS 163.118,[3] committed with a firearm, a Class A felony, for which the maximum term of imprisonment is 20 years, ORS 161.605(1). In exchange for the guilty plea, the state agreed to recommend a five-year minimum sentence.

Despite the state's recommendation, the trial court imposed a 20-year sentence with a 10-year minimum under ORS 144.110(1).[4] The trial court also imposed a five-year minimum for using a firearm, ORS 161.610(4)(a),[5] with the sentences to be served concurrently.

This post-conviction proceeding followed, as provided by ORS 138.510 to 138.680. Petitioner claims that his counsel represented him inadequately at trial, in several respects.

This court has stated that the issue in a post-conviction case involving adequacy of trial counsel is whether the petitioner received "an adequate performance by counsel of those functions of professional assistance which an accused person relies upon counsel to perform on his behalf."

---

[3] ORS 163.118 provides in part:

"(1) Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life[.]

"* * * * *

"(2) Manslaughter in the first degree is a Class A felony."

[4] ORS 144.110(1) provides:

"In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

[5] ORS 161.610 provides in part:

"(3) * * * [I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *."

*Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981).

> "[C]ounsel's functions include informing the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of nontactical choices which are the defendant's to make, so as to assure that the defendant makes such choices intelligently. This function of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of jury trial." *Id.* at 874-75 (citation omitted).

The burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. ORS 138.620(2);[6] *see also* ORS 138.530(1)(a) (post-conviction relief shall be granted when petitioner establishes a "substantial denial" of petitioner's constitutional rights in the proceedings resulting in the conviction, and that denial rendered the conviction void); *Krummacher v. Gierloff*, supra, 290 Or at 874-75, 883 ("The search for a single, succinctly-stated standard, objectively applicable to every case, is a fool's errand," but "[t]he right of a defendant to be heard by counsel requires at least that counsel advocate the defense with professional skill and judgment. * * * [O]nly those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude").

In this instance, the post-conviction court determined that petitioner received adequate assistance of trial counsel. We have reviewed all of petitioner's claims of inadequate assistance. Only one merits discussion. Petitioner alleged that his trial counsel was inadequate for failing "to submit the tentative plea agreement to the Judge for the purpose of getting the Judge to concur in the proposed disposition at the time of sentencing pursuant to ORS

---

[6] ORS 138.620(2) provides:

"If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence."

135.432.''[7] Petitioner also alleged that he was denied ''his rights under ORS 135.432 by reason of the failure of * * * defense counsel to advise Petitioner that his plea agreement was not binding upon the Judge.'' Under ORS 135.432, at the parties' request, the trial judge may advise them whether the judge will concur in the proposed disposition of the case under a tentative plea agreement. If the judge changes his or her mind after so advising the parties, the defendant must be informed and may then affirm or withdraw the plea.

The record shows that petitioner and the prosecution reached a plea agreement ''which contemplate[d] entry of a plea of guilty * * * in the expectation that charge or sentence concessions [would] be granted.'' ORS 135.432(2). The state concedes that petitioner's trial counsel did not request the trial judge to proceed under ORS 135.432. That omission is unexplained in the record. Petitioner argues that the unexplained omission constitutes inadequate assistance of counsel and that he was prejudiced, because knowing whether the trial judge would have concurred in the proposed disposition was important to deciding whether to enter into the plea agreement. At oral argument, it was further argued that petitioner would have obtained important strategic information even if the process had not resulted in knowing the judge's view of the proposed disposition. Petitioner contended that the decision of the prosecutor whether to agree to this procedure and, if so, the decision of the trial judge whether to advise the parties at all of the court's view are potentially important to a defendant's ultimate acceptance of the plea agreement.

■■ As a threshold matter, we agree that counsel should advise a defendant who is contemplating a plea agreement of the availability of the procedure provided in ORS 135.432. The facts that a plea agreement was made and that petitioner's counsel apparently failed to pursue the procedure established in ORS 135.432 trigger an inquiry into the adequacy of trial counsel and the potential for prejudice to petitioner. Those facts alone, however, do not necessarily establish either the inadequacy of trial counsel or resulting prejudice to petitioner, the two elements identified in

---

[7] The Appendix to this opinion contains the text of ORS 135.432.

*Krummacher v. Gierloff, supra,* 290 Or at 874-75, 883, as necessary to obtain post-conviction relief.

Assuming *arguendo* that counsel rendered inadequate assistance,[8] and assuming the credibility of petitioner's testimony, petitioner did not establish, by a preponderance of the evidence, facts demonstrating that he was prejudiced as a result of counsel's acts or omissions.[9] Petitioner testified that he would not have pleaded guilty, or would have tried to withdraw the plea, under certain other circumstances. Significantly, he did not — although he had the opportunity — make a similar statement with respect to what he would have done with further information obtained through the process provided by ORS 135.432.

Because petitioner did not offer evidence to the effect that he would have withdrawn his plea in response to information that he could have obtained pursuant to ORS 135.432, or evidence to support any other theory of prejudice resulting from failure to gain that information, we conclude that petitioner failed to demonstrate that his trial counsel's omissions prejudiced him. Therefore, petitioner is not entitled to relief.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[8] The record does not establish that petitioner's trial counsel failed to discuss with him the possibility of using the procedure provided by ORS 135.432 or what reasons, if any, counsel might have had for not pursuing that procedure.

[9] The post-conviction court did not make any findings as to prejudice, because it did not find that counsel had been inadequate. We need not remand the case for findings concerning prejudice, however, because, even if we read the record in the light most favorable to petitioner, the record does not establish prejudice.

## APPENDIX

### ORS 135.432 provides:

"(1)   The trial judge shall not participate in plea discussions, except to inquire of the parties about the status of any discussions or to participate in a tentative plea agreement as provided in subsections (2) to (4) of this section. Any other judge, at the request of both the prosecution and the defense, or at the direction of the presiding judge, may participate in plea discussions. Participation by a judge in the plea discussion process shall be advisory, and shall in no way bind the parties. If no plea is entered pursuant to these discussions, the advice of the participating judge shall not be reported to the trial judge. If the discussion results in a plea of guilty or no contest, the parties, if they both agree to do so, may proceed with the plea before a judge involved in the discussion. This plea may be entered pursuant to a tentative plea agreement as provided in subsections (2) to (4) of this section.

"(2)   If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or no contest in the expectation that charge or sentence concessions will be granted, the trial judge, upon request of the parties, may permit the disclosure to the trial judge of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. The trial judge may then advise the district attorney and defense counsel whether the trial judge will concur in the proposed disposition if the information in the presentence report or other information available at the time for sentencing is consistent with the representations made to the trial judge.

"(3)   If the trial judge concurs, but later decides that the final disposition of the case should not include the sentence concessions contemplated by the plea agreement, the trial judge shall so advise the defendant and allow the defendant a reasonable period of time in which to either affirm or withdraw a plea of guilty or no contest.

"(4)   When a plea of guilty or no contest is tendered or received as a result of a prior plea agreement, the trial judge shall give the agreement due consideration, but notwithstanding its existence, the trial judge is not bound by it, and may reach an independent decision on whether to grant sentence concessions under the criteria set forth in ORS 135.415."

**VAN HOOMISSEN, J.,** concurring.

I agree with the majority opinion's analysis, conclusion, and disposition in this case.

I write separately to express my concern about the state's argument in its Court of Appeals brief that:

"There is no evidence in the record to demonstrate defense counsel could have unilaterally submitted a 'tentative' agreement to the judge 'for concurrence,' under the provisions of ORS 135.432. There is no evidence in the record that indicates the district attorney would have agreed to such a submission, that the trial court would have either accepted or rejected the agreement, that the petitioner would have taken the case to trial rather than join in the bargain or that petitioner's ultimate length of incarceration would be any different."

The record in this case does not indicate whether petitioner's trial attorney considered taking the tentative plea agreement to the trial judge, ORS 135.432(2), and, if so, why the attorney did not. Nor does the record indicate whether petitioner did or did not know about the ORS 135.432(2) procedure and, if he did know, whether he attached any particular significance to the procedure or wanted to use it in this case. It does seem reasonable to believe, however, that a defendant would be interested in knowing, before entering a plea of guilty or no contest, whether the trial judge would concur in the tentative plea agreement's disposition of the case.[1]

In its response to the petition for review, the state argues that it was not ineffective assistance of counsel for petitioner's trial attorney to have failed to use the procedure found in ORS 135.432(2):

"[O]n this record, petitioner can prevail only if attempting to use or using the procedure outlined in ORS 135.432(2) is a necessary component of adequate assistance of criminal defense counsel; that is, if every defense attorney whose client pleads guilty pursuant to a plea agreement and who does not use the ORS 135.432(2) procedure, is held for that

---

[1] After reviewing the record here, I do not understand the post-conviction court's finding of fact that "Petitioner's attorney had no basis on which to submit the plea bargain to the court per ORS 135.432." I submit that that finding is not supported by evidence in the record.

reason alone to have rendered inadequate assistance to his client, irrespective of the attorney's reasons, if any, for not utilizing the procedure, and irrespective of whether the attempt to use the procedure would have been successful (*i.e.*, whether the prosecutor and the trial court would have cooperated) and whether the failure to use it has prejudiced the criminal defendant."

I would agree that using the procedure found in ORS 135.432(2) is not an absolute requisite to adequate assistance of counsel. There may be a rational, articulable reason for not doing so in a particular case. A trial attorney's failure to use the procedure does not necessarily merit post-conviction relief unless the failure is shown to lie "outside the wide range of professionally competent assistance," *Strickland v. Washington*, 466 US 668, 690, 104 S Ct 2052, 80 L Ed 2d 674, *reh'g den* 467 US 1267 (1984); there must be no plausible tactical rationale for the omission. *See Krummacher v. Gierloff*, 290 Or 867, 875-81, 627 P2d 458 (1981) (if defense counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer; but neither will the court ignore decisions which reflect an absence or suspension of professional skill and judgment). On the other hand, ORS 135.405 (plea discussions and agreements), ORS 135.415 (criteria to be considered in plea discussions and agreements), and ORS 135.425 (responsibility of defense counsel) recognize the legitimacy of plea discussions in many cases and the responsibility of a trial attorney to insure that the defendant is informed about the statutory procedure, including the trial judge's role and discretion under ORS 135.432.

My point is, once the prosecutor and the trial attorney have entered into a tentative plea agreement that the defendant has approved, ordinarily the trial attorney should try to get the trial judge's concurrence with the tentative plea agreement's disposition of the case. I have some difficulty in accepting the state's assertion that it might not constitute inadequate assistance if a trial attorney, without good reason, failed to at least try to get the trial judge's concurrence in the proposed disposition. Notwithstanding, I recognize that, generally, tactical decisions of trial attorneys are to be respected by appellate courts. *Krummacher v. Gierloff, supra*, 290 Or at 875-81.

ORS 135.432(2) provides that, "upon request of the parties," the trial judge may review the tentative plea agreement. That language suggests that if petitioner's trial attorney had unilaterally submitted the tentative plea agreement to the trial judge for concurrence or, if the prosecutor affirmatively had refused to join in a request for review,[2] the trial judge may have lacked authority to review the tentative plea agreement or to "advise" whether the judge would concur in the proposed disposition. In such a case, the trial attorney should make a record of the facts and so advise the defendant, who then may decide whether or not to proceed under the tentative plea agreement without first having secured a commitment from the trial judge as to the disposition of the case.

I also recognize that ORS 135.432(2) provides that the trial judge "may" permit the disclosure of the tentative plea agreement and "may" then advise the parties whether the judge will concur in the proposed disposition. The fact that the judge has discretion in these matters, however, is no reason for trial attorneys not to at least try to use the statutory procedure. The state's suggestion, that a trial attorney might not approach the trial judge because "the judge might have a policy of never making a binding commitment," is not persuasive to me. A judge who absolutely refuses ever to consider examining a tentative plea agreement presented to the judge by the parties pursuant to ORS 135.432(2), may be improperly refusing to *exercise* the discretion conferred on the judge by ORS 135.432. A judge who has a policy of reviewing tentative plea agreements upon request of the parties pursuant to ORS 135.432(2), but also of never making a binding commitment may or may not be acting within the permissible limits of discretion, a question I will leave for another day.

I would suggest that a trial attorney who, after negotiating a tentative plea agreement with the prosecutor that the defendant accepted, fails to try to use the procedures found in ORS 135.432(2), should be prepared to explain why not if the issue is properly raised later. As noted, there may be a rational, articulable reason for not doing so in a particular case. Then again, there may not be one.

---

[2] The state argues that a trial attorney might not pursue the ORS 135.432(2) procedure because "the prosecutor might not like it." I find that argument unpersuasive.