Argued and submitted February 6, affirmed April 8, 2009

**EVERARDO GUZMAN,**
*Petitioner-Appellant,*

*v.*

**STATE OF OREGON,**
*Defendant-Respondent.*

Marion County Circuit Court
06C10541; A132817

206 P3d 210

Brian Conry argued the cause and filed the brief for appellant.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner, an undocumented alien, pleaded guilty to the felony crime of possession of controlled substances, ORS 475.894, after obtaining advice of counsel. Petitioner claims that he was denied adequate assistance of counsel under the state and federal constitutions because he was not advised that, as a result of his conviction, under federal law he was certain to be removed from the United States by the Department of Homeland Security and would become an inadmissible alien and that he was misadvised by counsel that government officials had discretion not to deport him.

Before his guilty plea, petitioner was advised by his attorney that "[a]ny time you have a felony conviction you'd better plan on being deported, and he should make that assumption when he's considering whether or not to enter a plea." In addition to this advice, counsel went over the plea petition with petitioner before petitioner signed it. The plea petition provides: "I know that if I am in this country illegally or with permission, unless the U. S. Attorney General or his designee chooses not to pursue deportation proceedings, I will be deported, denied naturalization and refused admission to this country, or denied reentry, as a result of my plea." Petitioner's attorney testified that he advised petitioner that, if petitioner had specific questions about immigration law, he should consult an attorney with specialized knowledge in that area and that that consultation could be arranged. Petitioner claims that the advice was misleading because he was certain to be removed from this country.

The issue, then, is whether, under Article I, section 11, of the Oregon Constitution, petitioner proved that his counsel failed to exercise reasonable professional skill and judgment and that he suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the Sixth Amendment, petitioner must show a lack of reasonable professional judgment that probably affected the result of the proceeding. *Strickland v. Washington*, 466 US 668, 684, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

In *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006), the Oregon Supreme Court described the advice that counsel is required to give about the collateral immigration-related consequences of a conviction before a plea is entered. The court explained that neither Article I, section 11, nor state statutes

> "requires counsel or the court to specify the likelihood that a particular defendant will be deported. Rather, both require only that defendants be aware of the maximum consequence—deportation—that can result from a conviction. * * * In short, the focus has been on the possible consequence of a plea, not an estimate of the likelihood that the consequence will occur."

*Id.* at 458. Taken as a whole, the advice given petitioner alerted him that he could be deported and did not mislead him as to the probability of that outcome. The evidence showed that petitioner was certain to be deported once he was seized by the Department of Homeland Security, but that there was a possibility that he would be undetected by federal authorities. The Sixth Amendment affords no relief either, at least in the absence of evidence that petitioner was affirmatively misled about the collateral consequences of his conviction. *United States v. Kwan*, 407 F3d 1005 (9th Cir 2005).

Affirmed.