Submitted March 10, reversed and remanded with instructions to enter judgment denying post-conviction relief April 6, petition for review denied June 30, 2011 (350 Or 530)

## DARNELLE O. PENDERGRASS,
*Petitioner-Respondent,*

*v.*

## Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
CV081036; A143031

253 P3d 69

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Kathleen Cegla, Attorney-in-Charge, Collateral Remedies, filed the brief for appellant.

Erin Galli filed the brief for respondent.

Before Wollheim, Presiding Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

Petitioner was charged with two counts of robbery, each count alleging conduct against a separate victim. He pleaded guilty to the charges and received consecutive sentences on the robbery convictions. He then filed a petition for post-conviction relief in which he alleged that his trial counsel was constitutionally inadequate in failing to object when the court imposed those consecutive sentences without expressly making the required findings. *See* ORS 137.123(5)(b) (the court may impose consecutive sentences for convictions arising out of a "continuous and uninterrupted course of conduct only if" the court finds that the two crimes "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim"). The post-conviction court granted petitioner his requested relief.

Defendant now appeals, arguing that petitioner failed to demonstrate that he was prejudiced as a result of trial counsel's failure to object to the lack of express findings. *See Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) (to prevail on a post-conviction claim for inadequate assistance of counsel, a petitioner must "show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment *and that petitioner suffered prejudice as a result*" (emphasis added)). Defendant points out that, had petitioner's trial counsel objected, the trial court "could easily have made findings that would satisfy ORS 137.123(5)(b), because the indictment alleged separate victims for the two robbery charges." Defendant is correct. Trial counsel's failure to object to the lack of express findings regarding separate victims did not prejudice petitioner; the error would have been easily remedied had it been brought to the trial court's attention.[1] The post-conviction court therefore erred in granting post-conviction relief.

Reversed and remanded with instructions to enter judgment denying post-conviction relief.

---

[1] Petitioner's appellate counsel was unable to identify any meritorious arguments that would allow this court to affirm the post-conviction court's judgment.