***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted October 26, affirmed December 7, 2022, petition for review denied April 20, 2023 (371 Or 21)

JOSEPH ROBERT BURHOOP,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent, Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV18914; A175122

Patricia A. Sullivan, Senior Judge.

Jason Weber argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Jordan Silk, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. The petition claimed that petitioner's trial counsel was inadequate under the Oregon Constitution and ineffective under the United States Constitution for failing to use the procedure in ORS 135.432 to seek the trial court's agreement to the sentencing recommendation in petitioner's plea agreement. On appeal, petitioner assigns error to the post-conviction court's denial of relief on that claim.

After accepting "the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record," *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017), and "review[ing] the post-conviction court's denial of relief for legal error," we conclude that, even assuming trial counsel's failure to use the procedure in ORS 135.432 constitutes inadequate and ineffective assistance, the post-conviction court did not err in determining that petitioner did not prove that he was prejudiced as a result.

In a claim for ineffective assistance of counsel under the Sixth Amendment, "prejudice is shown when the facts established by a preponderance of the evidence show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *McDonell v. Premo*, 309 Or App 173, 184-85, 483 P3d 640 (2021), *rev den*, 369 Or 507 (2022) (quoting *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984)). Under Article I, section 11, prejudice is shown "when the facts established by a preponderance of the evidence show that the acts or omissions of counsel had a tendency to affect the result of the trial." *McDonell*, 309 Or App at 184. The "state and federal tests for establishing prejudice are functionally similar." *Id.* at 185.

Here, petitioner argues on appeal that he suffered prejudice because, but for trial counsel's failure to use the procedure in ORS 135.432, he either would have received the sentence recommended in his plea agreement or would have been able to withdraw his plea in order to negotiate a different plea agreement or proceed to trial.

We conclude that the post-conviction court did not err in determining that petitioner did not establish that he was prejudiced. In a declaration submitted to the post-conviction court, petitioner declared that he would not have entered a plea of guilty had he known there was any possibility that the trial court would not accept the sentence recommended in his plea agreement; however, the post-conviction court expressly found that that declaration was not credible. And petitioner offered no evidence the trial court was required to find credible that, but for trial counsel's failure to use the procedure in ORS 135.432, he would have received a different sentence than he did, or that he would have withdrawn his guilty plea or proceeded to trial in response to information he might have obtained pursuant to ORS 135.432. *See Trujillo v. Maass*, 312 Or 431, 435-37, 822 P2d 703 (1991) (holding that the petitioner failed to demonstrate that he was prejudiced by trial counsel's "fail[ure] to submit the tentative plea agreement to the Judge for the purpose of getting the Judge to concur in the proposed disposition at the time of sentencing pursuant to ORS 135.432," because "petitioner did not offer evidence to the effect that he would have withdrawn his plea in response to information that he could have obtained pursuant to ORS 135.432"). Consequently, even assuming trial counsel's performance was deficient, petitioner did not establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Affirmed.