***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 25, affirmed March 8, 2023

SCOTT MICHAEL HORSEMAN,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV38161; A175555

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the opening brief for appellant. Scott Horseman filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying post-conviction relief. In his counseled assignment of error, petitioner contends that the post-conviction court erred in denying his second claim for relief, in which petitioner alleged that his criminal trial counsel provided ineffective assistance when, without consulting with petitioner, he conceded during closing argument that petitioner was guilty of certain charges. We agree with the post-conviction court that petitioner failed to prove prejudice and, on that basis, reject the claim of error. In a *pro se* supplemental assignment of error, petitioner argues that ORS 163.670 is unconstitutionally vague and overbroad, as relevant to his five convictions for using a child in a display of sexually explicit conduct (display). That claim is unpreserved. Accordingly, we affirm.

*Ineffective assistance.* Petitioner was charged with seven counts of sexual abuse and five counts of display, involving two teenaged boys. The charges were tried to a jury over three days. In opening statement, petitioner's trial counsel took the position that the evidence would show that petitioner was innocent of all charges. Both victims proceeded to testify to similar conduct by petitioner, which was corroborated by other evidence. Petitioner did not testify. In closing argument, counsel bluntly stated that petitioner was "guilty of sexual abuse," that there was not really "any dispute about that," and "there's no denying that." Counsel then argued to the jury why petitioner was not guilty of the display charges, which essentially reduced to an argument about the scope of the statute. Petitioner was convicted on all counts, and we affirmed the convictions. *State v. Horseman*, 294 Or App 398, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019).

Petitioner sought post-conviction relief. As relevant here, he asserted that he received ineffective assistance of counsel when his trial counsel conceded in closing argument that petitioner was guilty of the sexual-abuse charges. Petitioner attested that he never consented to such a strategy, did not have "an informed discussion" with counsel about it, and was "shocked" and "extremely disappointed" when counsel told the jury that he was guilty of sexual abuse

without consulting him. In response, trial counsel attested that, after hearing the state's case, he believed that the "only option" was to concede guilt on the sexual-abuse charges and focus on contesting the display charges. He believes that petitioner knew that the trial had gone poorly for him, and he believes that he talked to petitioner about admitting guilt on the sexual-abuse charges in closing argument. However, trial counsel is "not 100 percent sure" whether he got "explicit consent" from petitioner for that strategy, based on his trial notes. Trial counsel attested that he "would not admit [a] client's guilt at a trial if [he] did not believe that [his] client consented to such a strategy" and that the "only thing" that petitioner insisted on throughout the prosecution was that everyone was misconstruing the display statute.

The court denied relief, concluding that petitioner both failed to prove ineffective assistance and failed to prove prejudice. *See Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("The burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result.").

Petitioner maintains that trial counsel provided ineffective assistance when he conceded petitioner's guilt on the sexual-abuse charges without petitioner's consent, and he argues that the post-conviction court erred in concluding otherwise. The state disagrees. We need not resolve whether counsel performed deficiently, because we agree with the post-conviction court that petitioner failed to prove prejudice. That is, even assuming that counsel did not adequately consult with petitioner before conceding guilt on the sexual-abuse charges, petitioner failed to prove that it had "'a tendency to affect the result of his trial.'" *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) (quoting *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002)).

At the post-conviction trial, petitioner testified that, if trial counsel had adequately discussed with him beforehand the strategy that counsel ended up pursuing in closing argument, he would have agreed to it. We are unpersuaded by petitioner's arguments that he proved prejudice

notwithstanding that statement.[1] We also disagree with petitioner that the court's prejudice ruling improperly presumed adequate assistance of counsel. We therefore reject petitioner's contention that the post-conviction court erred in denying relief on his second claim.

*Constitutional challenge to ORS 163.670.* In a *pro se* supplemental assignment of error, petitioner argues that ORS 163.670 is unconstitutionally vague and overbroad. Petitioner makes that argument for the first time on appeal. "Preservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013); *see* ORS 138.580 (requiring the post-conviction petition to "set forth specifically the grounds upon which relief is claimed"); ORS 138.550(3) (providing that, generally, any grounds for relief not included in the post-conviction petition will be "deemed waived"). We therefore cannot consider petitioner's argument that ORS 163.670 is unconstitutionally vague and overbroad. *See Pinnell v. Palmateer*, 200 Or App 303, 333-34, 114 P3d 515 (2005), *rev den*, 340 Or 483 (2006) (explaining that "the allegations in a post-conviction petition limit the issues before the court, and any claim that a petitioner fails to include in the original or amended petition is waived," such that even "plain error" review is unavailable).

To the extent that petitioner also means to claim that the trial evidence was legally insufficient to convict him of display—perhaps akin to arguing that criminal trial counsel was ineffective for failing to move for a judgment of acquittal on the display counts, or that criminal appellate counsel was ineffective for failing to pursue that issue on direct appeal—that claim also was not raised to the post-conviction court and so cannot be addressed on appeal. The case law has evolved since petitioner's criminal trial in a way

---

[1] The post-conviction court also pointed to the strength of the prosecution's case ("As noted above, the evidence against Petitioner was strong and he chose not to testify to rebut any of it.") as relevant to petitioner's failure to prove prejudice. We do not reach that aspect of the reasoning, as it is not necessary to our disposition.

that lends some support to his view of the display statute. *See, e.g.*, *State v. Clay*, 301 Or App 599, 457 P3d 330 (2019). However, petitioner's convictions are final at this point, and any available relief must be sought through post-conviction, using proper post-conviction procedures, and subject to the statutory limitations on post-conviction relief.

Affirmed.