156                February 22, 2024                No. 128

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DESHATIN NAJHEE MOTLEY,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV14384; A178452

J. Burdette Pratt, Judge.

Submitted January 30, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief. In his sole assignment of error, he claims that the post-conviction court erred when it denied his claim that counsel provided inadequate and ineffective assistance of counsel under both the Oregon and United States Constitutions when counsel failed to use a mental health evaluation to assist in the resolution of his case, thereby foregoing the likelihood of a more favorable resolution for petitioner. For the reasons below, we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to show that counsel's representation fell below an objective standard of reasonableness and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 689-90, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

Although petitioner and the superintendent disagree about whether the post-conviction court applied the wrong standard for prejudice, we do not resolve that issue. That is because petitioner's claim fails under the first part of the test: The record does not establish that, when representing petitioner, counsel failed to exercise reasonable professional skill and judgment, or that the representation fell below objective standards of reasonable representation. *Trujillo*, 312 Or at 435; *Strickland*, 466 US at 689-90. In his petition for post-conviction relief, petitioner claimed that

counsel failed to use a mental health evaluation and that, had counsel used it, the outcome would have been more favorable to petitioner. However, relying on counsel's affidavit and supporting evidence in the record, the post-conviction court found that counsel *did* use the mental health evaluation and *did* obtain a more favorable result because of it. Specifically, in negotiations, counsel provided the mental health evaluation to the prosecution and obtained a plea offer that was for 10 months less than the original offer as a result. Because counsel took the action that petitioner faulted him for not taking, petitioner has not established that counsel provided inadequate or ineffective assistance of counsel.

Affirmed.