472 March 6, 2024 No. 169

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TANNER BAINE SAYRE,
*Petitioner-Appellant,*

*v.*

Doug SHEPPARD,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Respondent.*

Tillamook County Circuit Court
21CV10884; A178714

Jonathan R. Hill, Judge.

Submitted January 30, 2024.

Margaret Huntington and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief. In his sole assignment of error, he claims that the post-conviction court erred when it denied his claim that counsel provided inadequate and ineffective assistance of counsel under both the Oregon and United States Constitutions when counsel failed to advise him that the state was seeking restitution jointly and severally with only one of his codefendants, not with both as contemplated in his plea agreement, and thereafter represented that petitioner did not object to the change. For the reasons below, we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

Petitioner pleaded guilty to first-degree theft and first-degree burglary. The charges resulted from a residential burglary that he committed along with two codefendants, Denney and Widner. Each codefendant's case proceeded on a different timeline. Widner first accepted a plea to enter drug court, successful participation of which would result in dismissal of the charges. After Widner's plea, petitioner

pleaded guilty pursuant to a plea agreement that contemplated that restitution would be ordered "joint and several" with Denney and Widner.

After petitioner's plea, but before petitioner's restitution hearing, Denney was sentenced to a term of imprisonment and ordered to pay restitution. About a month later, the trial court held a restitution hearing in petitioner's case. Contrary to the terms in petitioner's plea agreement, at the hearing the state sought restitution joint and several only with Denney. Petitioner's attorney indicated that she had no objection. The trial court entered a supplemental judgment that ordered petitioner to pay $11,048.98 in restitution "joint and several" with Denney only. At the time of the entry of the supplemental restitution judgment, Widner was still participating in drug court and had not been sentenced. Widner was eventually terminated from drug court and was sentenced to a term of imprisonment. His judgment did not include an order of restitution.

After unsuccessfully pursuing other legal avenues to amend his judgment to include joint and several liability with both codefendants, petitioner sought post-conviction relief. In his petition, he claimed that his trial counsel provided inadequate and ineffective assistance of counsel when she failed to advise him that the state was pursing joint and several restitution with Denney only, and when she did not object to the change. Petitioner claimed that the change in the terms of the restitution judgment was a breach of the plea agreement and asserted that he would not have agreed to the state's restitution proposal had counsel informed him of it. The post-conviction court denied relief, determining that petitioner could not prove deficient performance or prejudice.

We do not need to decide whether the post-conviction court erred when it found that counsel's representation was not deficient because we conclude that petitioner did not demonstrate prejudice from any lack of advice or lack of objection. At the time that the trial court entered the supplemental restitution judgment in petitioner's case, Widner was still participating in drug court and, therefore, no judgment had been entered in his case. Thus, even if counsel

had advised petitioner about the removal of Widner from joint and several liability for restitution, and had objected to it, there was no legal basis for the trial court to order restitution joint and several with Widner. Defendant offers no authority, and we are aware of none, that permits a trial court to order joint and several liability with a codefendant who has not yet been sentenced, and therefore has not yet had restitution determined in their own case. Defendant also does not offer any authority, nor are we aware of any, that allows a trial court to order joint and several restitution with another person who, like Widner, does not have any restitution ordered in their own case. As a result, even if counsel had taken the actions that petitioner faults her for not taking, there is no tendency or probability that the outcome in petitioner's case would be any different in a way that was favorable to petitioner. In so concluding, we note that in the post-conviction case, counsel explained that if she had objected to the supplemental judgment the court would have set it for a contested restitution hearing, at which point there was a very real risk that petitioner would be ordered to pay more than the stipulated $11,048.98. Accordingly, there is no prejudice as required for petitioner to prove his claims. On those facts, the post-conviction court did not err when it concluded that counsel was not inadequate or ineffective.

Affirmed.