No. 252 April 17, 2024 135

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ALEXANDER AARON FISHER,
*Petitioner-Appellant,*

*v.*

Rick ANGELOZZI,
Superintendent,
South Fork Forest Camp,
*Defendant-Respondent.*

Tillamook County Circuit Court
19CV11084; A177101

Mari Garric Trevino, Judge.

Submitted September 7, 2023.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief, which raised claims that his trial counsel provided inadequate and ineffective assistance of counsel. On appeal, petitioner advances two assignments of error. We affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

Petitioner's assignments of error assert that the post-conviction court erred by denying relief on his claim that counsel was inadequate and ineffective for failing to consult and offer testimony from a medical expert. His first assignment addresses counsel's decision as it relates to providing alternative explanations for the victim's injuries while his second focuses on the potential use of such evidence to impeach the victim's testimony about the severity of his injuries.

Because the parties are familiar with the facts, we do not describe them in detail here. In sum, petitioner was charged with second-degree assault after a bar fight with the victim. To prove that the victim suffered serious physical injury, the state introduced evidence that the victim

continued to have trouble breathing through his broken nose at the time of the bench trial, which was 10 months after the fight. Petitioner raised self-defense. The trial court rejected that defense and convicted petitioner.

In his post-conviction petition, petitioner claimed that counsel should have consulted with, and offered testimony from, a medical expert to rebut the state's characterization of the evidence that the victim suffered "serious physical injury." In support of that argument, he introduced testimony from a doctor that provided alternative explanations for the victim's injuries and highlighted inconsistencies in the victim's testimony about those injuries.

Trial counsel testified that he made a strategic decision not to consult a medical expert because he weighed the "cost" and the "value" of an expert witness and because petitioner's theory of the case was self-defense. Counsel was also concerned that if he called a medical expert, then the state would as well.

To determine whether counsel's strategic decision was reasonable, the post-conviction court evaluated each of the specific ways in which petitioner alleged that a medical expert would have been helpful. First, petitioner argued that a medical expert would have pointed out that the victim "had regularly abused alcohol and medications with serious underlying mental illnesses, including the night of the fight." On that argument, the post-conviction court found that the evidence would have been inadmissible because it was not relevant and was "speculative and of questionable value."

Second, petitioner alleged that a medical expert would have pointed out, like the doctor did, that the victim had "significantly exaggerated his injuries to both police and at trial." On that argument, the post-conviction court found that any difference between the victim's testimony and the doctor's opinion was "simply a difference in description of the injuries between a lay and medical witness" and that any differences were "subjective and reasonable" and "unlikely to sway an experienced trial judge."

Third, petitioner argued that a medical expert would have explained that petitioner's injuries were the result of self-defense or mutual combat. After recounting that petitioner had been involved in a fight with multiple people immediately before his fight with the victim, the post-conviction court found that petitioner did not provide "a credible explanation of how an expert could distinguish between all these potential sources of injury and say that the Petitioner acted in self-defense."

Finally, petitioner argued that a medical expert would have explained that the victim's "actual injuries sustained would not cause risk of death, long term disfigurement, protracted health problems, or other material elements required to prove 'serious physical injury'" as required for a second-degree assault conviction. On that argument, the post-conviction court found that the doctor's opinion was based only on the victim's medical records at the time of the fight, which occurred 10 months before the criminal trial, and that the doctor did not evaluate the victim or review the victim's medical records from the time of trial. Therefore, the post-conviction court found that the doctor "or any expert would not have been able to shed any significant doubt on the victim's trial testimony of continuing problems with his nose and difficulty breathing."

Upon review, we conclude that the post-conviction court's factual findings are supported by the record. With them, the post-conviction court did not err in determining that petitioner did not prove that counsel failed to exercise reasonable professional skill and judgment when counsel did not consult with and introduce testimony from a medical expert for any of the purposes that petitioner identified. Nor did petitioner prove that counsel's decision not to call a medical expert fell below an objective standard of reasonable representation.

Affirmed.