No. 557 August 7, 2024 299

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ROXANNE MARTIN,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
20CV41775; A179629

Patricia A. Sullivan, Judge.

Submitted July 3, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, Hellman, Judge, and Walters, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied her petition for post-conviction relief. In her sole assignment of error, petitioner argues that the post-conviction court erred when it denied relief on her claim that trial counsel provided inadequate and ineffective assistance of counsel when he failed to advise her of a possible ground for a motion to suppress her statements to police. For the reasons below, we affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

The relevant facts are as follows. Petitioner shot her husband, killing him. Petitioner was charged with murder but, after a settlement conference, pleaded guilty to first-degree manslaughter. Thereafter, she sought post-conviction relief, arguing that her trial counsel provided inadequate and ineffective representation when he failed to advise her of the possibility of filing a motion to suppress the statements that she had made to police officers during her first interview.[1] Specifically, petitioner argued that she was so intoxicated during that initial interview that she did not knowingly, voluntarily, and intelligently waive her *Miranda* rights. Petitioner further argued that she was prejudiced by counsel's failure to advise her of the possibility of filing a such a motion.

The post-conviction court denied relief, finding that trial counsel was credible and that

"Trial Counsel discussed the possibility of filing a motion to suppress her statements *** with Petitioner and made a reasonable strategic decision not to proceed based on Trial Counsel's assessment [of] the motion based on [the] demeanor of Petitioner during the interview and her

---

[1] Petitioner's opening brief argues, in part, that counsel's failure to file a meritorious motion to suppress petitioner's statements amounted to inadequate and ineffective assistance of counsel. Those arguments are unpreserved, and we do not address them. As petitioner made clear in both her trial memorandum and her oral arguments to the post-conviction court, her claim was focused solely on the allegation that counsel failed to advise her of the possibility of filing a motion to suppress her statements.

recollection of and statements about the interview in a second interview when she was not intoxicated."

The post-conviction court further found that "Petitioner directed Trial Counsel to pursue negotiations to get the best result possible" and that "Counsel followed her directions and did not act unreasonably in doing so." The post-conviction court entered judgment denying relief. This appeal followed.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014).

Here, the post-conviction court's findings of fact are dispositive of petitioner's claim. The post-conviction court found that counsel "discussed the possibility of filing a motion to suppress her statements" with petitioner. The record supports that finding. As a result, the post-conviction court did not err when it denied petitioner's claim that her attorney provided constitutionally inadequate or ineffective assistance of counsel when he failed to advise her of a possible ground for a motion to suppress her statements.

Affirmed.