No. 626          August 28, 2024          705

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KEVIN WAYNE RANDOLPH,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV23590; A180728

J. Burdette Pratt, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, Kamins, Judge, and Balmer, Senior Judge.

BALMER, S. J.

Affirmed.

**BALMER, S. J.**

Petitioner appeals from a judgment denying him post-conviction relief. After a jury trial, petitioner was convicted of numerous sex crimes against his daughter and son, including three counts of first-degree sodomy, three counts of first-degree sexual abuse, and three counts of incest. On appeal from the post-conviction court's judgment, petitioner argues that trial counsel was ineffective and inadequate in failing to effectively cross-examine his ex-wife and daughter about possible motives for bias. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, the petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

Here, the post-conviction court did not err in concluding that trial counsel's cross-examination was reasonable, and that additional cross-examination could have been harmful. Trial counsel successfully elicited testimony on cross-examination of petitioner's ex-wife that their divorce proceedings were contentious. During closing arguments, trial counsel used that testimony to suggest that petitioner's daughter may have been pressured to fabricate the allegations of abuse. It was reasonable for trial counsel not to elicit additional testimony about the divorce proceedings, because it could have resulted in testimony harmful to petitioner, including additional testimony about why petitioner's

ex-wife sought to modify petitioner's parenting time. In addition, it risked opening the door to evidence about the nature of petitioner's sexual relationship with his ex-wife, evidence that the trial court had determined was "potentially problematic" when ruling before trial on evidentiary issues. Because trial counsel had good reasons not to elicit more detailed testimony about the divorce proceedings, the post-conviction court correctly concluded that petitioner failed to show that trial counsel's cross-examination of his ex-wife and daughter was deficient. *See Krummacher v. Gierloff,* 290 Or 867, 875, 627 P2d 458 (1981) ("[I]f counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution * * *.").

The post-conviction court also correctly concluded that petitioner failed to show prejudice because, in fact, trial counsel did elicit sufficient testimony that allowed him to argue to the jury that petitioner's daughter may have been pressured to fabricate the allegations. Petitioner has not established that more detailed testimony about the contentious divorce proceedings could have had a tendency to affect the outcome of the case; indeed, as explained above, additional testimony on that topic could have been harmful to petitioner. *See Green*, 357 Or at 323 (to establish prejudice for purposes of Article I, section 11, and the federal constitution, a post-conviction petitioner must show that counsel's alleged deficiency could have tended to affect the outcome of the case).

Affirmed.