178 June 4, 2025 No. 518

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TROY KENNETH DAHL,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
22CV08931; A182857

Patricia A. Sullivan, Senior Judge.

Submitted April 1, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals the post-conviction court's denial of his post-conviction petition. In his sole assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that trial counsel failed to adequately advise him regarding the risk of conviction if he proceeded to trial. Because we conclude that petitioner has not established prejudice, we affirm.

Petitioner was charged with kidnapping, ORS 163.235, and related crimes based on an incident in which he drove T to a remote location and physically assaulted T. At trial, the state pursued a "kidnapping by deception" theory, arguing that petitioner deceived T into going with him in the car by telling T that they were going to a well-known "smoking spot" to smoke marijuana together. *See* ORS 163.225(1)(a) (defining kidnapping as taking a person from one place to another without consent); ORS 163.215(1) ("without consent" means taking "by force, threat or deception"). The state argued that the physical evidence found in petitioner's car demonstrated petitioner had a premeditated plan for the assault. Petitioner admitted to the assaultive conduct, but disputed the kidnapping, claiming that he and T had an agreement to go smoke marijuana and discuss a personal dispute. According to petitioner, the two men got into an argument that unexpectedly turned physical. Petitioner presented alternative explanations for the presence of the physical evidence. The jury convicted petitioner of first-degree kidnapping and several other charges, and the court sentenced him to 90 months' imprisonment. Petitioner did not file an appeal.

Thereafter, petitioner pursued post-conviction relief. Petitioner claimed that he received inadequate and ineffective assistance of counsel because counsel failed to advise him that the state could pursue a kidnapping by deception theory. Petitioner claimed that, had he known about that possibility, he would have "elected to settle the case for a lesser prison sentence rather than proceed to trial." In a declaration, counsel stated that he had not advised petitioner about the possibility that the state would pursue the theory that petitioner had kidnaped T through deception. Instead,

counsel had focused on the fact that petitioner had not used force or threats to have T travel with him. Counsel explained that because of that failure he was "unable to competently and accurately advise [petitioner] regarding the risks of proceeding to trial."

The prosecutor also provided a declaration, in which he explained that he contacted petitioner's attorney to discuss a settlement, but that petitioner was not interested in any plea offer that involved prison time. Given petitioner's "repeated criminal conduct in a short amount of time" the prosecutor was "unwilling to extend a non-prison offer." The prosecutor ultimately made a formal offer for 90 months in prison. Although he informally discussed resolving the case for less than 90 months in prison with petitioner's attorney, petitioner indicated he "would only be willing to consider a resolution that involved no prison time." As a result, there was never a formal offer to resolve the case for less than 90 months in prison.

The post-conviction court denied relief. The post-conviction court found that counsel was "aware of the state's theory of the case, as shown by the requested jury instructions" and rejected counsel's "opinion [that] he was inadequate." The post-conviction court determined that petitioner's "primary motivation was to avoid a prison sentence" and that that motivation was the reason that there was never a formal offer for less time in prison. This appeal followed.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the

prosecution can be regarded as of constitutional magnitude." (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-92, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598 (2014). When a petitioner has rejected a plea offer and proceeded to trial, a showing of prejudice from ineffective assistance of counsel requires a "reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 US 134, 147, 132 S Ct 1399, 182 L Ed 2d 379 (2012).

Petitioner did not meet his burden to demonstrate prejudice in this case. The only formal offer in the record is for 90 months in prison, which is the same amount of time that petitioner received after his trial. The record does not demonstrate a more favorable offer that petitioner rejected because of his attorney's representation. As the post-conviction court recognized, it was petitioner's insistence on a non-prison sentence that prevented any further discussions of an offer for less prison time.

Affirmed.