No. 219          March 12, 2025          803

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WADE ANTHONY COCHELL,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV15493; A180677

J. Burdette Pratt, Senior Judge.

Submitted February 3, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief, which raised claims of constitutionally inadequate and ineffective counsel. For the reasons below, we affirm.

Petitioner was convicted of multiple counts of first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427, for acts committed against his girlfriend's then four-year-old son.[1] Thereafter, petitioner pursued post-conviction relief, claiming that he received constitutionally inadequate and ineffective representation under the state and federal constitutions. As relevant to this appeal, petitioner challenged trial counsel's failures to call an expert in child sexual abuse interview techniques and to obtain relevant records concerning the victim and his family. The post-conviction court denied relief on all claims. This appeal followed.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme

---

[1] The record indicates that the victim was 10 or 11 years old when he reported the abuse.

Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, (2014).

*Expert witness.* In petitioner's first assignment of error, he challenges the post-conviction court's denial of his claim that counsel provided inadequate and ineffective assistance "in failing to investigate and offer expert testimony regarding the suggestibility of child witnesses and the protocols for interviewing children."

The Supreme Court has explained that counsel's "tactical decisions" with respect to investigation and trial strategy "must be grounded on a reasonable investigation." *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001); *see also Wiggins v. Smith*, 539 US 510, 521, 123 S Ct 2527, 156 L Ed 2d 471 (2003) ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (Internal quotation marks omitted.)).

We conclude that the post-conviction court did not err in denying petitioner's claim. Although trial counsel's strategy did not include expert testimony, the record supports the post-conviction court's determination that counsel's strategy was reasonable in this case. *See Gorham*, 332 Or at 567 ("It is well established that a reviewing court will not second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment. However, tactical decisions must be grounded on a reasonable investigation." (Citation omitted.)); *see also Strickland,* 466 US at 690-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Here, trial counsel explained that, "through [his] 45 years of experience," he had learned that "a simple defense is better than an elaborate one." After reviewing "the police reports, the CARES report, and the forensic interview of the victim," counsel determined that "it was not necessary to have an expert in child development and interview technique" and believed a "simple, clear, and relatable" defense

was appropriate.[2] As the post-conviction court correctly recognized, "[t]he issue is not whether trial counsel could have pursued a different defense, but it is whether he pursued a reasonable defense strategy." Thus, the post-conviction court did not err in concluding that petitioner "did not prove that his trial attorney failed to exercise reasonable professional skill and judgment." *See Trujillo*, 312 Or at 435 (stating a petitioner's burden under the Oregon Constitution); *Strickland*, 466 US at 687 (stating a petitioner's burden under the United States Constitution).

*Records*. In his second assignment of error, petitioner argues that counsel was inadequate and ineffective for failing to obtain "necessary records," including the victim's counseling and CARES NW records and the family's DHS records. Like petitioner's first assignment of error, his second assignment implicates counsel's duty to investigate and pursue a reasonable trial strategy. *See Gorham*, 332 Or at 567; *Wiggins*, 539 US at 521.

We conclude that the post-conviction court did not err in denying petitioner's claim. The post-conviction court found that counsel "did obtain some DHS records as part of discovery" and that counsel "explained his reason for not obtaining the counseling records." The record supports those findings. Specifically, counsel stated that he "obtained and reviewed the documents that [he] felt were necessary to [petitioner's] defense that the victim lied in order to avoid punishment" for misconduct and that he obtained "some DHS records." Counsel explained that he did not obtain certain DHS records or the victim's juvenile records because they were not relevant to his defense theory.[3] Counsel further explained that he "may not have wanted to get the [victim's counseling] records" because he "had an experience in the past where getting the counseling records very much damaged my defense."[4] After reviewing the available evidence,

---

[2] The post-conviction court found counsel's testimony "to be credible" and petitioner's expert's testimony "to be credible but not persuasive."

[3] The post-conviction court also found that petitioner "did not prove which DHS records were obtained and which were not, nor what was in the records not obtained." Petitioner does not challenge that finding on appeal.

[4] The post-conviction court found that the victim's juvenile records contained information that was "harmful to Petitioner's defense." Petitioner does not

including "a great number of inconsistencies that [he] could use as impeachment and evidence against the victim," counsel believed he had a defense theory that was "supported by the evidence." Counsel also used those inconsistencies at trial to support his chosen defense. Thus, on the facts of this case, we conclude that the post-conviction court did not err in determining that counsel made a reasonable strategic decision about "obtain[ing] necessary records *** to adequately prepare and litigate petitioner's case" and that petitioner did not demonstrate that counsel's representation lacked "reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, or "fell below an objective standard of reasonableness." *Strickland*, 466 US at 688. The post-conviction court did not err in denying relief on petitioner's claim.

Affirmed.

---

challenge that finding on appeal.