500 September 24, 2025 No. 822

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LAWAUN KENT,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Mill Creek Correctional Facility,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV02565; A180161

J. Burdette Pratt, Senior Judge.

Argued and submitted August 1, 2024.

Corbin Brooks argued the cause for appellant. On the brief were Jedediah Peterson and O'Connor Weber LLC.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Chief Judge, Ortega, Judge, and Balmer, Senior Judge.

ORTEGA, J.

Affirmed.

**ORTEGA, J.**

Petitioner appeals a judgment denying post-conviction relief. In his sole assignment of error, he contends that the post-conviction court erred when it denied relief on his claim that trial counsel was ineffective for failing to object to the state's theory of liability for first-degree assault based on the common-law doctrine of transferred intent. Because petitioner has not demonstrated that such an argument would have prevailed before the trial court, we conclude that he has not established prejudice. We therefore affirm.

We review the post-conviction court's legal conclusions for legal error and accept its express and implicit findings of fact if there is evidence in the record to support them. *Curry v. Highberger*, 326 Or App 259, 261, 531 P3d 702, *rev den*, 371 Or 511 (2023).

The relevant facts are undisputed. Petitioner fired several shots through an apartment window intending to injure N, but he actually struck petitioner's estranged wife, S, in the legs. For that conduct, the state charged petitioner with first-degree assault (Count 7) and unlawful use of a weapon. At the close of the state's evidence at a bench trial, defense counsel moved for judgment of acquittal on Count 7 and argued that the state had not proved that petitioner intended to injure S. The state agreed that petitioner had not intended to injure S but argued that petitioner's intent to cause serious physical injury to N "transferred" to S under the common-law doctrine of transferred intent. Defense counsel did not object to that argument or contend that transferred intent was inapplicable. The trial court found that petitioner had intended to seriously injure N and that his intent "transferred" to S under the common-law doctrine. The court accordingly found petitioner guilty of first-degree assault on Count 7. On direct appeal, petitioner argued that the trial court had plainly erred in applying the doctrine of transferred intent to find petitioner guilty of first-degree assault. We affirmed petitioner's judgment of conviction without opinion.

Petitioner then sought post-conviction relief, alleging that trial counsel was ineffective for failing to argue that the

doctrine of transferred intent did not support a conviction for first-degree assault. The post-conviction court denied relief on the basis that petitioner failed to prove that he was prejudiced. The court reasoned that "the [l]egislature intended to retain the doctrine of transferred intent to intentional assaults" so "[a]n argument that the doctrine of transferred intent did not apply to count 7 would have failed." Petitioner timely appeals.

To prevail on post-conviction relief under ORS 138.530(1)(a),[1] a petitioner must establish a substantial violation of a state or federal constitutional right, including the right to counsel. Article I, section 11, of the Oregon Constitution guarantees a criminal defendant to the adequate assistance of counsel. *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981). To show inadequate assistance of counsel, a petitioner must prove (1) "facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment," and (2) "that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under Article I, section 11, a petitioner establishes prejudice by showing that counsel's deficient performance "'could have tended to affect' the outcome of the case." *Green v. Franke*, 357 Or 301, 323, 350 P3d 188 (2015) (quoting *Lichau v. Baldwin*, 333 Or 350, 365, 39 P3d 851 (2002)) (emphasis omitted). Similarly, the Sixth and Fourteenth Amendments to the United States Constitution require that all criminal defendants receive effective assistance of counsel. *Strickland v. Washington*, 466 US 668, 686, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Under the Sixth Amendment, a post-conviction petitioner must prove that counsel's performance "fell below an objective standard of reasonableness" and a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The state and federal standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

---

[1] ORS 138.530(1)(a) provides that a post-conviction petitioner is entitled to relief if they establish "[a] substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

On appeal, petitioner argues that the post-conviction court erred in denying relief on his claim because counsel's failure to object to the state's theory of liability for Count 7 constituted deficient performance, which consequently prejudiced him. The superintendent primarily defends the post-conviction court's ruling that, even assuming that trial counsel should have objected to the trial court relying on the doctrine of transferred intent to find petitioner guilty of first-degree assault, petitioner has failed to prove prejudice because an objection that the doctrine of transferred intent does not apply to first-degree assault would have failed.

We address the prejudice prong because it is dispositive. To prove prejudice, a petitioner must show that there exists "more than mere possibility, but less than probability" that counsel's deficient performance "could have tended to affect the outcome of the case." *Green*, 357 Or at 322-23 (internal quotation marks and emphasis omitted). "To establish prejudice on a claim based on a trial counsel's failure to object * * *, a petitioner must establish that the objection would have been well taken when the criminal case was tried." *Alne v. Nooth*, 288 Or App 307, 316, 406 P3d 109 (2017).

Thus, whether petitioner has established prejudice turns on whether petitioner is correct that transferred intent does not apply to first-degree assault. Although we have not answered that question directly, we recently addressed whether a defendant may be convicted of second-degree assault on a transferred intent theory. In *State v. Swinney*, 343 Or App 22, 29-32, ___ P3d ___ (2025), we recognized that that question is one of legislative intent, and we construed the second-degree assault statute, ORS 163.175, to "encompass[] cases where the defendant intends to engage in assaultive conduct towards one person but that conduct results in (serious) physical injury to a different person[.]" We reasoned that the text of ORS 163.175, which proscribes "[i]ntentionally or knowingly caus[ing] physical injury to another by means of a deadly or dangerous weapon," does not "identif[y] the specific recipient of the defendant's assaultive conduct" or require that the defendant "intend to engage in assaultive conduct towards the same person

who suffers the resultant (serious) physical injury." *Id.* at 30. We explained that, "had the legislature intended to limit the scope of ORS 163.175 only to cases where the defendant intends to engage in assaultive conduct toward a particular person that results in (serious) physical injury to the same person, it readily could have done so," as it did with aggravated harassment, ORS 166.070(1)(c), by using "a definite article together with an identified category of victim[.]" *Id.* at 30-31. Finally, we observed that

> "the legislative commentary to ORS 163.175 expresses the drafters' intent to preserve the common-law doctrine of transferred intent in the context of intentional assault: 'In intentional assault, though the intent factor is stated in terms of purpose to injure "another," the act prohibited is physical injury to *any* person. This is intended to preserve the common law concept of transferred intent.'"

*Id.* at 31 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report §§ 92-94, 94 (July 1970)) (emphasis in original). Accordingly, we rejected the defendant's argument that the trial court had erred in entering a judgment convicting him of second-degree assault on a transferred intent theory. *Id.* at 32.

Petitioner advances arguments that are materially indistinguishable from those we rejected in *Swinney*. And our reasoning in *Swinney* in support of our holding that "the elements of second-degree assault, as codified in ORS 163.175, encompass intentional assaultive conduct toward one person that actually (seriously) injures another" applies equally to first-degree assault. Here, the state alleged that petitioner "did unlawfully and intentionally cause serious physical injury to [S] by means of a deadly and dangerous weapon[.]" ORS 163.185(1)(a) provides that a person commits the crime of assault in the first degree if the person "[i]ntentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]" Like ORS 163.175, ORS 163.185(1)(a) does not "identify the specific recipient of the defendant's assaultive conduct" or require that the defendant "intend to engage in assaultive conduct towards the same person who suffers the resultant (serious) physical injury." *Swinney*, 343 Or App at 30. And the legislative

commentary we relied on in *Swinney*, that "[i]n intentional assault, though the intent factor is stated in terms of purpose to injure 'another,' the act prohibited is physical injury to *any* person," which "is intended to preserve the common law concept of transferred intent," expressly applies to all degrees of assault. *See* Commentary §§ 92-94 at 93 (emphasis in original).

We therefore reject petitioner's argument that transferred intent does not apply to first-degree assault. Accordingly, we conclude that the post-conviction court did not err in denying relief on petitioner's claim, because he failed to establish that he was prejudiced by counsel's alleged deficient performance in failing to object to the state's transferred intent theory of liability for first-degree assault.

Affirmed.